THE FOURTH NATIONAL BANK OF JACKSONVILLE, A CORPORPORATION, *Plaintiff in Error*, vs. J. P. WILSON, *Defendant in Error*.

### Division B.

### Opinion Filed June 13, 1924.

1. Where several parties sign a contract with seals or scrolls opposite the signatures of some of them only, those parties to the same contract to whose names no seal or scroll is affixed, may, under circumstanes showing such an intent, be presumed to have adopted as their own the seals or scrolls of the others; and the instrument may be regarded as having been signed and sealed by all of those who are parties to the particular contract that is evidenced in the writing and designed to be signed under seal.

2. Where an endorser merely writes his name on the back of a promissory note, it may not be a signing of the instrument within the meaning of the rule that one not using a seal may be presumed to have adopted the seal of another signer

of the instrument when apt words such as "witness our hands and seals" are used in the form of the instrument.

3. Parties to a contract are liable according to the *form* in which they respectively execute the contract. One party may be liable in an action of assumsit, while the other is liable in covenant.

4. Where a promissory note is executed under seal by "the undersigned" maker, and the endorsers place their names on the back of the note without any seals and with nothing to indicate an intent to sign the note as maker, or to make an endorsement under seal, or to adopt the seal of the maker of the note, the liability of the endorsers is upon a contract not under seal and is barred in five years.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*Kay, Adams & Ragland,* for Plaintiff in Error.

*George C. Bedell,* for Defendant in Error.

WHITFIELD, P. J.—On March 24, 1921, an action was begun against an endorser on three promissory notes dated respectively November 19, 1913, December 16, 1913, and October 14, 1913, the first two being payable in 60 days after date, and the last 90 days after date.

The defendant pleaded the five-year statute of limitations which is applicable to instruments not under seal. The plea was demurred to on the theory that the note being under seal by the maker, the 20-year statute applies to the endorsers as well as to the maker. The demurrer was overruled and final judgment rendered for the defendant on the demurrer. Plaintiff took writ of error.

The notes are alike except as to amounts and dates of

payment, a copy of one with the endorsements being as follows: "No......... Due.........., Jacksonville, Fla., *Nov. 19th, 1913, $1,550.00.* Sixty (60) days after date the undersigned, jointly and severally, promise to pay to the order of Fourth National Bank *Fifteen Hundred and Fifty & 00/100* Dollars at the FOURTH NATIONAL BANK OF JACKSONVILLE, for value received, with interest after maturity until paid at the rate of ten per cent. per annum.

"The undersigned, as well as all sureties, endorsers, guarantors or other parties to this note, severally waive demand, protest and notice of demand, non-payment and protest; and consent that interest paid or to be paid, before or after maturity, may be at the rate of ten per cent. per annum.

"Now, shall it become necessary to collect this note through an attorney, the undersigned as well as all sureties, endorsers, guarantors or other parties to this note, severally agree to pay all costs of such collecting, including a reasonable attorney's fee.

"Given under the hand and seal of each of the parties.

E. E. Cain Company    (L. S.)

(Exhibit A)

By J. P. Wilson, Mgr.   (L. S.)

" (The note was endorsed on the back as follows):

E. E. Cain,<br>J. P. Wilson,<br>E. V. Burke."

Where several parties sign a contract with seals or scrolls opposite the signatures of some of them only, those parties to the same contract to whose names no seal or scroll is affixed, may, under circumstances showing such an intent, be presumed to have adopted as their own the

seals or scrolls of the other; and the instrument may be regarded as having been sgined and sealed by all of those who are parties to the particular contract that is evidenced in the writing and designed to be signed under seal. See 24 R. C. L. 691; Cotton v. Williams, 1 Fla. 37; Baars v. Gordon, 21 Fla. 25; Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870; 35 Cyc. 1173; 25 Am. & Eng. Ency. Law (2nd ed.) 79.

Where an endorser merely writes his name on the back of a promissory note, it may not be a signing of the instrument within the meaning of the rule that one not using a seal may be presumed to have adopted the seal of another signer of the instrument when apt words such as "witness our hands and seals" are used in the form of the instrument. See McLaughlin v. Brady, 63 S. C. 433, 41 S. E. Rep. 523. See also Jenkins v. Carmen, 112 Ga. 476, 37 S. E. Rep. 719.

Parties to a contract are liable according to the *form* in which they respectively execute the contract. One party may be liable in an action of assumpsit, while the other is liable in covenant. St. Andrews Bay Land Co. v. Mitchell, 4 Fla. 192; Somers v. Florida Pebble Phosphate Co., 50 Fla. 275, text 281, 39 South. Rep. 61.

The Statute provides that "an action upon * any contract, obligation or liability founded upon an instrument of writing under seal" "can only be commenced" "within twenty years." This statute must have reference to the relation of the defendant in the action to the instrument and not to the general or primary nature of the instrument upon which the action is brought. Otherwise the statute might conflict with organic rights.

In this case the note (evidently made on a printed form suitable to be used by two or more makers) is payable to a bank that is the holder and plaintiff here, but not

otherwise a party to the note; and according to the language of the note "the parties" to its making can be no other than "the undersigned" that is "E. E. Cain Company" who alone signed as maker, and in doing so used a scroll.  The note was complete without the signature of an endorser.  The endorsements made new contract relations as to parties other than "the undersigned" maker of the note.  The reference in the note to "all sureties, endorsers, guarantors or other parties to this note" is to such designated parties who later might become parties to the note and have stated liabilities, but whose status with reference to the note would be distinct from "the undersigned" maker, who as sole maker is alone the party intended to be referred to in the statement: "Given under the hand and seal of each of the parties."  (The original note apparently was executed on a printed form suitable to more than one maker.)  The names of no one of the endorsers on the back of the note has a seal or scroll affixed thereto, and there is nothing in or on the note to indicate an intent to attach a seal or scroll to the names of the endorsers or to adopt the seal or scroll of the maker in endorsing the note; and no presumption of such intent can be fairly be indulged, in view of the form and language of the note and of its endorsement and of the statutory liability of the endorsers as distinguished from the statutory liability of the maker.

While an action against the maker, whose signature on the note has a scroll attached to it, might be regarded as an action upon a "contract, obligation or liability founded upon an instrument in writing under seal," within the meaning of the statute (Sec. 2939 Rev. Gen. Stats.), yet an action against the endorser on his endorsement which was made without other words and without affixing a seal or scroll to his signature as endorser on the back of the

note, cannot be regarded as an action upon a "contract, obligation or liability founded upon an instrument in writing under seal," within the meaning of the statute when the liability of the endorser as fixed by law as to the payment of the note, is not that of a maker, but is on a contract with reference to the payment of the note that is different from that of the maker who was "the undersigned" party referred to in the note in mentioning the seals, there being nothing to indicate an intent *to sign* the *note* as maker or to make an endorsement under seal or to adopt the seal of the maker of the note. The waivers and contract obligations of the endorsers as expressed in the body of the note do not make an endorser one of "the undersigned" "parties" who in this case is a single maker, when the endorser does not sign the note, but merely writes his name on the back of the note. The decisions in Milledge v. Gardner, 29 Ga. 700, and Baldwin Fertilizer Co. v. Carmichael, 116 Ga. 762, 42 S. E. Rep. 1002, were controlled by a statute of that state.

The demurrer to the plea of the five-year statute of limitations was properly overruled.

Affirmed.

WEST AND TERRELL, J. J., Concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., Concur in the opinion.