MATHEWS, Justice.
A petition for writ of certiorari .was filed for the purpose of having reviewed an order of the Circuit Judge with reference to the validity of an unsigned summons served upon the petitioner, and a supplemental order based upon the original order.
It appears ■ that an unsigned paper was served upon the petitioner requiring him’to answer a' complaint which had been filed against him. The return shows a service of *4 this paper by delivering a true copy of the “within purported unsigned original summons.” A special appearance was filed solely for the purpose of moving the Court to quash the service of the so-called process upon the ground that the same was not signed as required by law and was, therefore, insufficient as a summons or process.
The Circuit Judge made an order quashing the service of process on the ground that “the original summons served * * * was not signed as required by law * *. However, the plaintiff is granted leave, and the Clerk is' directed, to amend the original summons by, placing thereon his signature, service to be effective from said date.”
We thus have an adjudication by the Circuit Judge that the original summons was “not signed as required by law.” This determination by the Circuit Judge was correct. 30 F.S.A. Common Law Rule 5 (b) provides:
“Upon the commencement of the action, summons shall be forthwith issued by the Clerk and delivered for service without praecipe.”
When the Rule mandatorily requires that the summons shall be “issued by the Clerk”, it requires that the Clerk, or his lawfully authorized deputy, sign such summons as a “testimonial by which the authenticity of the summons is made to appear.” Sharman v. Huot, 20 Mont. 555, 52 P. 558, 560, 63 Am.St.Rep. 645; Pease v. Ritchie, 132 Ill. 638, 24 N.E. 433, 8 L.R.A. 566.
 In order for a summons to be issued and to be effective as a means by which a party is brought into Court to answer a complaint, it is not only necessary that the forms be filled out giving the necessary information, but after this is done, it must be signed by the issuing officer or his duly authorized deputy in order to give it authenticity. The form of a blank stock certificate may be completely filled out, but it is. not issued until some one, duly authorized, has signed it or taken other action to give it authenticity. The Circuit Judge having determined that the summons “was not .signed as required by law” necessarily held the words “issued by the Clerk”, appearing in Common Law Rule 5(b), included a requirement by law or by the Rule that the summons must be signed or authenticated by the Clerk in order to give it any force and effect.
The unsigned paper called a summons was void and it was error to amend the same by directing the Clerk to sign it after it had been served. The paper served, being void, was not subject to amendment. See 42 Am.Jur. p. 12, Sec. 10; Fisher, Sons & Co. v. Crowley, 57 W.Va. 312, 50 S.E. 422, 4 Ann. Cas. 282.
The question of “seal” was not raised before the Circuit Judge nor in this Court by the pleadings, briefs or oral arguments of the parties. It is only discussed here because the signature or signing, is necessary for the adoption of a printed seal. There is nothing in the record to indicate that the Clerk of the Circuit Court impressed his seal upon the process or that he did anything to adopt as his seal the printed seal appearing upon the so-called process. It is a matter of common knowledge, of which this Court takes judicial notice, that blank forms, known as “summons at law-original” and “summons at law-copy” are printed in great quantities and' may be purchased by any one from most of the printing establishments of the State.
It is quite true that even a printed note with the word “seal” printed thereon may be given effect as a sealed instrument when the signature is affixed indicating the adoption of the printed seal as the seal of the maker, but the printed word “seal” cannot be adopted by the maker as his seal without affixing his signature. Fourth Nat. Bank of Jacksonville v. Wilson, 88 Fla. 48, 101 So. 29; Langley v. Owens, 52 Fla. 302, 42 So. 457.
The case of Gilmer v. Bird, 15 Fla. 410, is not applicable in this case. In that case the requirement was that the style of all processes should be “The State of Florida.” The Court held that the failure to. include the words “The State of Florida” was nothing more than an irregularity and mis-prisionment and amendable. No question was raised that it was not signed. It has been repeatedly held by this Court that mere *5 irregularity as to form or misprision may be amended. Such is not the case here where nothing is shown to have been done by the Clerk which gave the paper authenticity. It is true that the Legislature may prescribe the form of process and may change the same from time to time as it sees fit, but it cannot dispense with due process.
Section 47.04, F.S., F.S.A., went into detail as to what should be done by the Clerk in order to make the process valid. In 1951 Section 47.04, F.S. was repealed by Chapter 26962 and we were left only with the Common Law Rule 5(b). Under this Rule all of the details set forth in repealed Section 47.04 were eliminated and a substitute for the words “be signed by said clerk or judge” inserted in lieu thereof the words “summons shall be forthwith issued by the Clerk”. (Emphasis supplied.) It is mandatory that the summons be issued by the. Clerk. The delivery of a blank piece of paper, or printed form, to the plaintiff’s attorney or to the sheriff, does not comply with the mandate that the summons shall be “issued” by the Clerk. Such a printed form with the names of the plaintiff and de-féndant inserted thereon, without' anything appearing thereon to give it authenticity, is not a process.
This is not a case where there was some defect in the manner or method of service. Every step required by law may have been taken by the Sheriff in serving the unsigned paper. The defect in this case is that the so-called summons was not signed and there was nothing on it to give it authenticity, and it was, "therefore, void.
Petition for writ of certiorari be and the same is hereby granted, and the orders of January 8, 1953, supplemented by the order of January 27, 1953, be and the same are hereby quashed.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.
THOMAS, HOBSON and DREW, JJ., dissent.