422 So.2d 330 (1982)
CONSOLIDATED ALUMINIUM CORPORATION, Etc., Appellant,
v.
Jack WEINROTH, Cook United, Inc., Etc., Appellees.
No. 81-1303.
District Court of Appeal of Florida, Fifth District.
October 20, 1982.
Rehearing Denied December 1, 1982.
*331 Michael J. Ferrin of Beverly & Freeman, West Palm Beach, for appellant.
Jere E. Lober of Lovering, Pound & Lober, P.A., Cocoa, for appellees.
ORFINGER, Chief Judge.
Appellant complains of error in the trial court's denial of its motion to vacate a default.[1] We affirm.
To justify a reversal of an order denying a motion to vacate a default, the appellant must demonstrate a gross abuse of the trial court's discretion. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962); Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977). No such showing is made here.
Appellant contends: (1) that because service of process upon it was defective, the default should have been vacated; and (2) that its subsequent motion to quash the defective service of process should have been granted. In the motion to vacate the default, to which appellant attached its proposed answer and affirmative defenses to demonstrate that it had a meritorious defense, appellant alleged that process had not been served on its proper officers. The record shows that process had been delivered to someone in its corporate headquarters and promptly forwarded by that person to appellant's Florida attorney. Although having the service copy of the summons and complaint in hand in sufficient time to plead thereto, the Florida attorney took no action, relying instead on the advice of the secretary who forwarded the papers that there had been no service of process. These facts were asserted in the motion to vacate, not as a ground for quashing the process, but in an attempt to demonstrate excusable neglect which would justify vacating the default. The trial court found that the neglect was inexcusable, and denied the motion to vacate the default.
About a month and a half after serving the motion to vacate the default and a week after the court denied that motion, appellant filed the motion to quash service of process. The trial court held that by failing to object to personal jurisdiction in its first pleading, that issue had been waived, and although finding the service of process defective, it denied the motion to quash. The trial court was correct in so holding. A defendant wishing to contest personal jurisdiction must do so in the first step taken in the case, whether by motion or in a responsive pleading, or that issue is waived and defendant has submitted himself to the court's jurisdiction. Fla.R.C.P. 1.140(b), 1.140(h); Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981).
Appellant's motion to vacate the default, with its tendered answer, was not in opposition to the court's jurisdiction over it, but was in recognition of that jurisdiction. Had the motion to vacate the default been granted, the tendered answer would have been immediately filed, and there would be little question about personal jurisdiction over appellant. The attack on the process filed only after the court denied the motion to vacate the default came too late.
The orders appealed from are AFFIRMED.
COBB and SHARP, JJ., concur.
NOTES
[1] An order denying a motion to vacate a default is an appealable non-final order under Rule 9.130(a)(3)(C)(iv), Fla.R.App.P. as an order determining liability in favor of a party seeking affirmative relief. See Doctor's Hospital of Hollywood, Inc., v. Madison, 411 So.2d 190 (Fla. 1982).