SUAREZ, J.
 

 Robert Dolan, former husband, appeals from a final order granting the former wife, Kim Dolan’s (Ferguson), motion to dismiss for lack of service of process, and dismissing with prejudice the former husband’s second verified petition to modify the Final Judgment. We reverse.
 

 The record shows that in March 2009, the former husband filed his second verified petition to modify the Final Judgment regarding his child support obligations. In September 2009, the former wife responded to the petition with a motion to dismiss. In that motion, the former wife addressed the merits of the issues raised in the former husband’s petition; she did not raise insufficiency of notice and service of process. The trial court denied her motion. One year later, in September 2010, the former wife again moved to dismiss the 2009 petition. This time she argued, among other procedural issues, that the former husband failed to serve her with the second verified petition. The former husband asked that he be allowed to amend his petition. The trial court denied the wife’s motion to dismiss and in November 2010, heard arguments from both parties.
 

 The former wife argued to dismiss the petition on grounds that the former husband failed to serve her with the second amended petition; the former husband asked that he be allowed to amend the petition. The court, over the wife’s objection, allowed him to amend, and gave him five working days to personally serve the second verified petition on the wife. He was unable to do so at the wife’s residence, place of business, or with her attorney; the process server noted that the former wife was likely attempting to avoid service. After the time expired for service, the trial court subsequently granted the former wife’s motion to dismiss for lack of service of process, and dismissed the former husband’s second petition to amend the Final Judgment with prejudice.
 

 We reverse the order below because the former wife waived the service of process issue when she filed her 2009 motion to dismiss the former husband’s petition to amend for failure to state a claim. She did not raise the insufficiency of process issue until a year later when, after retaining counsel, she filed a second motion to dismiss. That second motion led to the erroneous dismissal with prejudice in this case.
 

 If not raised in a responsive pleading or by motion filed by a party, an objection to improper service of process is waived. Fla. R. Civ. P. 1.140(b), (h)(1);
 
 [1]
 

 see Brivis
 
 
 *560
 

 Enters., Inc. v. Von Plinski,
 
 976 So.2d 1244, 1244 (Fla. 3d DCA 2008) (failure to assert defense of insufficient service of process at inception waives that defense);
 
 Caldwell v. Caldwell,
 
 921 So.2d 759, 760 (Fla. 1st DCA 2006) (concluding that entering a general appearance following default without raising sufficiency of service of process or lack of personal jurisdiction constituted a waiver);
 
 Solmo v. Friedman,
 
 909 So.2d 560, 564 (Fla. 4th DCA 2005) (holding that active participation in a proceeding waives issues regarding service of process defense and constitutes submission to a court’s jurisdiction);
 
 Berne v. Beznos,
 
 819 So.2d 235, 238 (Fla. 3d DCA 2002) (finding that pleading to the merits without objecting to service of process or lack of personal jurisdiction waives those defenses);
 
 Parra v. Raskin,
 
 647 So.2d 1010, 1011 (Fla. 3d DCA 1994) (stating that failure to raise the insufficient service of process defense at the inception of a case, in either a motion or responsive pleading, constitutes a waiver of that defense). It is not disputed that the former wife was served in 2009 with the former husband’s amended petition and that she responded to it by filing a motion to dismiss for failure to state a cause of action. It is also not disputed that she did not raise the issue of insufficiency of service of process in that motion. The former wife, therefore, waived that issue by failing to raise it in her first motion to dismiss. Her subsequent motion to dismiss was filed a year later and cannot resurrect the issue. We do not see any basis in this record for the trial court’s November 2010, order requiring the former husband to serve an amended petition and, due to his inability to do so, dismissing his complaint with prejudice for failure to comply. Service had been waived one year prior.
 

 Contrary to the former wife’s other arguments on appeal, Mr. Dolan did not need to file a motion for rehearing to preserve the service issue on appeal. Such findings are not a prerequisite to appeal unless the appellant is challenging whether the trial court made sufficient findings of fact.
 
 See Broadfoot v. Broadfoot,
 
 791 So.2d 584, 585 (Fla. 3d DCA 2001);
 
 Alpha v. Alpha,
 
 885 So.2d 1023, 1027 (Fla. 5th DCA 2004). This is not this case here. Because the former wife waived the issue of sufficiency of process and submitted herself to the court’s jurisdiction in 2009, we reverse the trial court’s order dismissing the former husband’s second amended petition with prejudice and remand for further proceedings.
 

 Reversed and remanded.
 

 [1]
 

 . Rule 1.140. Defenses, (b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: ... (5) insufficiency of service of process ... A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time....
 

 [[Image here]]
 

 (h) Waiver of Defenses.
 

 (1) A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2).
 

 See also
 
 Comm. Notes to R. 1.140(h).