DAVIS, Judge.
Leonardo DiGiovanni, individually and as Trustee of the DiGiovanni Trust, challenges the trial court’s nonfinal order denying his motion to quash substitute service and abate for lack of personal jurisdiction in BAG Home Loans Servicing’s mortgage foreclosure action. We reverse.
At the outset of this case, BAC made several attempts to personally serve the complaint on DiGiovanni via a process server in DiGiovanni’s home state of California. After making eight unsuccessful visits to DiGiovanni’s residence, the process server swore to two affidavits of avoidance, in which he detailed his attempts at personal service.
BAC then proceeded with service by publication. In response, DiGiovanni’s counsel filed a notice of appearance which states: “Mark P. Stopa, Esquire and the Stopa Law Firm hereby make a general appearance on behalf of Defendant, [Leonardo N. DiGiovanni], and request[] that copies of all pleadings, notices, and correspondence be served upon him at the address listed below.” Stopa also filed a motion for extension of time to respond to the complaint.
The extension was granted, and then DiGiovanni filed a motion to quash service by publication. In his motion to quash service, DiGiovanni argued that BAC “failed to engage in a diligent search and inquiry of Defendant ] prior to resorting to substitute service.” He further denied BAC’s allegation that he had been evading personal service. He maintained that because “evading service was the basis for service by publication, service is ineffectual because [p]laintiff failed to allege ultimate facts, in its [c]omplaint, showing that [defendant was evading service.”
The trial court did not hold a hearing on the motion but rather entered an order denying DiGiovanni’s motion to quash, concluding that he had “submitted himself to the jurisdiction of the [cjourt by filing a motion for extension of time, before filing the [mjotion to [q]uash. The [defendant sought affirmative relief from the [cjourt.”
DiGiovanni filed a motion for rehearing of that ruling, but the trial court denied that motion as well.
On appeal, DiGiovanni argues that the trial court erred in concluding that he had submitted himself to the jurisdiction of the court by the filing of a notice of appearance and a motion for extension of time to file his answer. He maintains that such does not amount to seeking affirmative relief from the court. We agree.
The trial court is correct that “[ijf a party does not challenge personal jurisdiction until after a general appearance in the case, the party has waived the right to contest personal jurisdiction.” See Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005). However, “the filing of a ‘notice of appearance’ by [defendant’s] counsel did not waive [defendant’s] right to claim lack of jurisdiction over [his] person.” Public Gas Co. v. Weatherhead Co., 409 So.2d 1026, 1027 (Fla.1982). Furthermore, a motion for extension of time does not constitute a general appearance. Barrios v. Sunshine State Bank, 456 So.2d *936 590, 590 (Fla. 3d DCA 1984) (“The single issue presented by this appeal is the question of whether the filing by Barrios’ attorney of a Motion for Enlargement of Time constituted a general appearance and hence a waiver of Barrios’ defense of lack of personal jurisdiction and insufficiency of service of process. It does not.” (emphasis added)).
We do note that in his notice of appearance, DiGiovanni’s counsel did use the phrase “hereby make a general appearance on behalf of Defendant.” However, regardless of how it is titled, in order for a filing to actually constitute a general appearance before the court, it must seek some sort of affirmative relief on the merits of the case. See generally Ginsberg v. Lamour, 711 So.2d 182, 183 (Fla. 4th DCA 1998) (concluding that response to a motion for default did not constitute general appearance because it did not request affirmative relief); Moo Young v. Air Canada, 445 So.2d 1102, 1104 (Fla. 4th DCA 1984) (“The motions filed by appellees did not go to the merits of the case and therefore did not constitute a general appearance waiving the absence of jurisdiction.”).
As such was not the case here, we reverse the trial court’s nonfinal order denying DiGiovanni’s motion to quash service by publication and remand to the trial court with instructions to address the merits of that motion.
Reversed and remanded.
VILLANTI and LaROSE, JJ., Concur.