PER CURIAM.
Appellants, Charles and Susannah Woide, timely appeal a non-final order denying their motion to quash service of process. They argue the summonses with which they were served were defective because neither contained the deputy clerk’s signature or the circuit court’s official seal as required by Florida Rule of Civil Procedure 1.070(a). Appellee, Fannie Mae, properly concedes error. See Fla. R. Civ. P. 1.070(a); § 48.031(1)(a), Fla. Stat. (2011); Ball v. Jones, 65 So.2d 3, 4 (Fla.1953) (“When the Rule mandatorily requires that the summons shall be ‘issued by the Clerk’, it requires that the Clerk, or his lawfully authorized deputy, sign such summons as a ‘testimonial by which the authenticity of the summons is made to appear.” ’); see also Schofield v. Wells Fargo Bank, N.A., 95 So.3d 1051, 1052 (Fla. 5th DCA 2012) (“Service of process must strictly comply with all relevant statutory provisions.”). Accordingly, because the summonses failed to strictly comply with Florida Rule of Civil Procedure 1.070(a), we reverse the order of the trial court.
REVERSED and REMANDED.
LAWSON, BERGER and WALLIS, JJ., concur.