GROSS, J.
This case involves a suit by an incarcerated prisoner against the attorney who represented him in the criminal case that led to his incarceration. The trial court granted the attorney’s motion to dismiss for violation of the statute of limitations. We reverse because the application of the statute is not apparent on the face of the complaint.
Julien Garcon retained Kelly Landers to represent him in a federal criminal proceeding in April 2007. Garcon entered a guilty plea and was incarcerated; he remains incarcerated today.
On February 16, 2010, Garcon filed an eight count complaint against Landers alleging breach of contract, fraudulent concealment, fraud, breach of fiduciary duty, constructive fraud, legal malpractice, a claim under the Florida Deceptive and Un *688 fair Trade Practices Act, and negligent infliction of emotional distress.[1]
After preliminary motions not relevant to this appeal, and some difficulty in obtaining service on Landers, the Sheriffs Office served the summons and complaint at Landers’ law office on Beth Michael as Landers’ “designated employee.” On August 31, 2012, Landers filed a motion to dismiss on statute of limitations grounds, stating that the claims asserted in the complaint arose more than five years before the date of filing the complaint. The court granted Landers’ request.
Landers concedes that he incorrectly moved to dismiss Garcon’s complaint based on the statute of limitations, but argues the dismissal was proper because the service on Beth Michael failed to comply with subsections 48.031(l)(a) and 48.031(2)(b), Florida Statutes (2012). However, Landers waived this argument by failing to raise it in the circuit court. “If not raised in a responsive pleading or by motion filed by a party, an objection to improper service of process is waived.” Dolan v. Dolan, 81 So.3d 558, 559 (Fla. 3d DCA 2012) (citing Fla. R. Civ. P. 1.140(b), (h)(1)); see also Berne v. Beznos, 819 So.2d 235, 238 (Fla. 3d DCA 2002) (pleading to the merits of the case without objecting to service of process waives that defense).

Reversed and remanded.

MAY and CIKLIN, JJ., concur.

. We do not rule on the sufficiency of any of these causes of action as pleaded in the complaint.