PER CURIAM.
Justin Vaughn appeals the non-final order denying his motion to quash service of process.[1] He argues that the court erred in denying his motion where the summons was not sealed as required by Florida Rule of Civil Procedure 1.070(a), which specifically requires process to be “issued ... under the clerk’s or the judge’s signature and the seal of the court_” (Emphasis added). Section 28.071, Florida Statutes (2013), also requires that the summons contain the seal of the clerk of court, which seal “may be an imprint or impression type seal and shall be registered with the Department of State.” Because Vaughn challenged the issuance of the summons on this ground, it was the burden of Wells Fargo to produce the original summons to prove it was issued under seal- pursuant to the statute and rule. See Re-Emp’t Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467 (Fla. 5th DCA 2007). The record does not reveal that Wells Fargo filed the original summons, so that document is not in the record. A copy of the summons is in the record, but it does not indicate that the required seal is affixed to the original document. Therefore, we reverse the order denying Vaughn’s motion to quash service of process and remand this case to the trial court. See Woide v. Fannie Mae, 116 So.3d 1281 (Fla. 5th DCA 2013) (reversing the order denying a motion to quash service of process because the summons was not signed by the clerk and was not sealed by the court’s official seal).
REVERSED; REMANDED.
SAWAYA, COHEN, and WALLIS, JJ., concur.

. This court has jurisdiction under rule 9.130(a)(3)(C)(i) of the Florida Rules of Appellate Procedure, which provides that an order determining personal jurisdiction is appeal-able before rendition of the final judgment. An order on a motion to quash service of process is one that determines personal jurisdiction and is thus appealable. Re-Emp’t Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 470 (Fla. 5th DCA 2007).