DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**YAKOV SEGALIS,**
Appellant,

v.

**ROOF DEPOT USA, LLC**, a Florida Limited Liability Company, **BILLY M. CONRAD** and **MARY OSBOURNE,**
Appellees.

No. 4D15-400

[October 21, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 10-21660 CACE 12.

Lisa Paige Glass of Glass Law Office, P.A., Boca Raton, for appellant.

Andrew T. Trailor of Andrew T. Trailor, P.A., Miami, for appellee Roof Depot USA, LLC.

PER CURIAM.

Appellant Yakov Segalis appeals an order denying his motion to vacate judgment and for sanctions. The judgment against Segalis was void for lack of jurisdiction and denial of due process, and the trial court erred in failing to vacate it. We therefore reverse and remand, with directions to vacate the judgment and reconsider the motion for sanctions.

Appellee Roof Depot USA, LLC ("Roof Depot") obtained a judgment against Beautiful Concrete of South Florida, Inc. ("Beautiful Concrete") through a settlement agreement. Beautiful Concrete subsequently dissolved, and Roof Depot sought to hold the principals of the corporation personally liable for the judgment pursuant to section 607.1406, Florida Statutes. Segalis was listed as Beautiful Concrete's vice president at the time it dissolved.[1]

---

[1] Segalis's actual connection to Beautiful Concrete is unclear. He claims he had "no substantive connection" to the company. In 2012, he considered becoming

Roof Depot filed a motion for entry of a show cause order against Segalis. The motion was mailed to Beautiful Concrete's business address, but not to Segalis personally. The trial court subsequently ordered Segalis to appear and show cause why a judgment should not be entered against him. Again, this order was not mailed to Segalis personally. Roof Depot attempted to serve the order on Segalis at his residence, but was unsuccessful. The court held the hearing without Segalis's presence, and later entered a judgment against him. The judgment was mailed to Segalis at his residence. Segalis received the judgment and claims it was the first time he became aware of the lawsuit.

Segalis retained counsel, who filed a notice of appearance in the case. Two weeks later, counsel filed a motion to vacate judgment and for sanctions, pursuant to Florida Rule of Civil Procedure 1.540(b). Segalis argued that the judgment was void for lack of personal jurisdiction and denial of due process. He requested the court to sanction Roof Depot and its counsel for their bad faith conduct in obtaining the judgment and then refusing to cooperate in vacating it.[2] Roof Depot argued that the notice of appearance filed by Segalis's counsel waived any claim as to lack of personal jurisdiction. The trial court agreed and denied the motion, finding that counsel's notice of appearance "cured everything."

Orders on rule 1.540(b) motions generally are reviewed for an abuse of discretion. *See, e.g.*, *Freemon v. Deutsche Bank Trust Co. Americas*, 46 So. 3d 1202, 1204 (Fla. 4th DCA 2010). However, where there is no factual dispute and the trial court's decision is based on a pure question of law, the review is de novo. *See Mourning v. Ballast Nedam Constr., Inc.*, 964 So. 2d 889, 892 (Fla. 4th DCA 2007). Furthermore, when the underlying judgment is void, the trial court has no discretion and is obligated to vacate the judgment. *See Phenion Dev. Grp., Inc. v. Love*, 940 So. 2d 1179, 1181 (Fla. 5th DCA 2006).

The judgment against Segalis is clearly void for lack of jurisdiction and denial of due process. *See Tannenbaum v. Shea*, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014); *Miller v. Preefer*, 1 So. 3d 1278, 1282 (Fla. 4th DCA 2009); *see also Shiver v. Wharton*, 9 So. 3d 687, 690 (Fla. 4th DCA 2009).

a contractor for the company, but the relationship never materialized. He does not address whether he knew he was listed as the company's vice president.

[2] The briefs, as well as the pleadings in the trial court, discuss several unsuccessful efforts by Segalis's counsel to negotiate with Roof Depot regarding vacating the judgment.

Roof Depot does not dispute that Segalis was never personally served with the order to show cause and was not provided notice or an opportunity to be heard before the judgment was entered.

It is true that if a party makes a general appearance in a case without first challenging personal jurisdiction, the party is deemed to have waived any claims as to lack of personal jurisdiction. *See, e.g., Solmo v. Friedman*, 909 So. 2d 560, 564 (Fla. 4th DCA 2005). However, in order for a filing to constitute a general appearance, "it must seek some sort of affirmative relief on the merits of the case." *DiGiovanni v. BAC Home Loans Servicing, L.P.*, 83 So. 3d 934, 936 (Fla. 2d DCA 2012) (citing *Ginsberg v. Lamour*, 711 So. 2d 182, 183 (Fla. 4th DCA 1998); *Moo Young v. Air Canada*, 445 So. 2d 1102, 1104 (Fla. 4th DCA 1984)). The law is clear and well-established that a simple notice of appearance by counsel does not constitute a general appearance by the client and does not waive the client's claims as to lack of jurisdiction or denial of due process. *See Pub. Gas Co. v. Weatherhead Co.*, 409 So. 2d 1026, 1027 (Fla. 1982).[3]

The judgment against Segalis is clearly void for lack of personal jurisdiction and denial of due process, and counsel's notice of appearance did not waive those claims. The trial court had no discretion to deny Segalis's motion to vacate the judgment. We therefore reverse and remand, with directions to vacate the judgment and reconsider the motion for sanctions. *See Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002); *Hahamovitch v. Hahamovitch*, 133 So. 3d 1020, 1025 (Fla. 4th DCA 2014).

*Reversed and remanded.*

STEVENSON, GROSS and MAY, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] Similarly, the filing of a rule 1.540(b) motion to vacate judgment does not waive a claim of lack of personal jurisdiction. *See Babcock v. Whatmore*, 707 So. 2d 702, 705 (Fla. 1998); *Hollowell v. Tamburro*, 991 So. 2d 1022, 1025–26 (Fla. 4th DCA 2008).