IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GREEN EMERALD HOMES, LLC,

       Appellant,

 v.                                              Case No.  5D16-1189

PNC BANK, N.A. AND TREVOR
SAHADATALLI,

       Appellees.

_____/

Opinion filed January 13, 2017

Non-Final Appeal from the
Circuit Court for Orange
County,
Margaret H. Schreiber, Judge.

Brennan Grogan, of Levine Law Group,
Palm Beach Gardens, for Appellant.

Karin Posser, and William Grimsely, of
McGlinchey Stafford, Jacksonville, for PNC
Bank, N.A., Appellee.

No appearance for other Appellee.


PER CURIAM.

      Green Emerald Homes, LLC ("Green Emerald") appeals the trial court's denial of

its motion to quash service of process attempted by PNC Bank, N.A. ("PNC").  PNC

alleged that Green Emerald was concealing its whereabouts to avoid service of process,

which would entitle PNC to pursue substitute service of process on the Secretary of State pursuant to sections 48.062(3) and 48.161(1), Florida Statutes (2014). We reverse and remand to the trial court for the reasons set forth below.

Green Emerald correctly asserts that the substituted service was ineffective because PNC failed to comply with the requirements of section 48.161(1); specifically: (1) PNC did not mail a copy of the notice of service and a copy of the process to Green Emerald by registered or certified mail, (2) PNC did not file the return receipt from such mailing, and (3) PNC did not file its counsel's affidavit of compliance. "Perfection of substituted service requires strict compliance with the statutory prerequisites because such service is an exception to personal service." *Wyatt v. Haese*, 649 So. 2d 905 (Fla. 4th DCA 1995) (citing *Shiffman v. Stumpff*, 445 So. 2d 1104, 1105 (Fla. 4th DCA 1984); *Gloucester Eng'g, Inc. v. Mendoza*, 489 So. 2d 141, 142 (Fla. 3d DCA 1986)).

PNC seeks to excuse its noncompliance with the requirements of section 48.161(1) by relying upon *Alvarado-Fernandez v. Mazoff*, 151 So. 3d 8 (Fla. 4th DCA 2014). *Mazoff* sustained substitute service of process despite the plaintiff's failure to file the defendant's return receipts when the defendant evaded service. 151 So. 3d at 17. The *Mazoff* holding, however, cannot be expanded to excuse PNC's failure to comply with multiple statutory requirements, especially those calculated to give a defendant actual notice of the suit.

Nor do we find that Green Emerald waived service of process by its counsel filing a notice of appearance or a motion for extension of time. "The law is clear and well-established that a simple notice of appearance by counsel does not constitute a general appearance by the client and does not waive the client's claims as to lack of jurisdiction

or denial of due process." *Segalis v. Roof Depot USA, LLC*, 178 So. 3d 83, 85 (Fla. 4th DCA 2015) (citation omitted). "Furthermore, a motion for extension of time does not constitute a general appearance." *DiGiovanni v. BAC Home Loans Servicing, L.P.*, 83 So. 3d 934, 935-36 (Fla. 2d DCA 2012) (citation omitted). Green Emerald timely raised the issue of defective service of process in its motion to quash.

Accordingly, we reverse the trial court's order denying Green Emerald's motion to quash and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

PALMER, ORFINGER, and EDWARDS, JJ., concur.