# Third District Court of Appeal

## State of Florida

Opinion filed August 15, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1752
Lower Tribunal No. 14-8913
_____

**Rodney Chestnut,**
Appellant,

vs.

**Nationstar Mortgage LLC,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

The Law Office of Eric Scott Brumfield, Esq., and Eric Scott Brumfield, for appellant.

McGuireWoods LLP, and Sara F. Holladay-Tobias, Emily Y. Rottmann, and Jason R. Bowyer (Jacksonville), for appellee.

Before LAGOA, LOGUE, and SCALES, JJ.

LAGOA, J.

Appellant, Rodney Chestnut ("Chestnut"), appeals from the trial court's order denying his Motion to Quash Service of Process. Because Chestnut waived his right to contest service of process, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Of significance to this appeal, Nationstar Mortgage LLC ("Nationstar") sought leave of court to add as additional defendants to a foreclosure action the "unknown heirs, beneficiaries, devisees and all other parties claiming an interest" in the Estate of Charles Chestnut, the deceased owner of the property at issue in the foreclosure action. On July 8, 2015, the trial court granted Nationstar's motion, thereby adding Chestnut, an heir to the Estate of Charles Chestnut, as a defendant to the foreclosure action.

On February 25, 2016, Chestnut, through his counsel, filed a Motion to Dismiss solely challenging Nationstar's standing.[1] The trial court denied the motion and directed Chestnut to answer the Amended Complaint. On February 13, 2017, Chestnut filed his Answer and Affirmative Defenses and asserted as an affirmative defense for the first time that he had "never been served with a copy of the complaint."

On July 26, 2017, Chestnut filed a Verified Motion to Quash Service of Process. The trial court denied the motion to quash without a hearing, stating that

---

[1] The Motion to Dismiss was filed on behalf of both Chestnut and another heir, Darryl Chestnut, who did not file a notice of appeal.

"Defendant appeared in the case and waived any issue regarding service." Subsequently, the trial court entered a written order denying Chestnut's motion to quash. This appeal ensued.

## II.   STANDARD OF REVIEW

This Court has jurisdiction to entertain the appeal as "[a]n order on a motion to quash service of process is one that determines personal jurisdiction and is thus appealable." Vaughn v. Wells Fargo Bank, N.A., 153 So. 3d 969, 970 n.1 (Fla. 5th DCA 2015).   "The determination of whether the trial court properly ruled on a motion to quash service of process for lack of personal jurisdiction is a question of law, which we review de novo." Mecca Multimedia, Inc. v. Kurzbard, 954 So. 2d 1179, 1181 (Fla. 3d DCA 2007).

## III.   ANALYSIS

Florida Rule of Civil Procedure 1.140(b) provides that a party waives certain defenses, such as insufficiency of service of process, if not asserted either in a pre-answer motion or, if no pre-answer motion is filed, the answer itself.  See Dolan v. Dolan, 81 So. 3d 558, 559-60 (Fla. 3d DCA 2012) (holding that the wife waived insufficiency of service of process when she filed a motion to dismiss without raising this defense in that motion and could not resurrect insufficiency of service of process in a second motion to dismiss after first motion had been denied); Lennar Homes, Inc. v. Gabb Constr. Servs., Inc., 654 So. 2d 649, 651 (Fla. 3d

3

DCA 1995) (finding that "[a] defendant who fails to contest the sufficiency of service of process at the inception of the case, whether by motion or responsive pleading, has waived this defense once he or she has entered a general appearance"); Parra v. Raskin, 647 So. 2d 1010, 1011 (Fla. 3d DCA 1994) (holding that mortgagor's failure to raise service of process defense in pre-answer motion to dismiss waived that defense); Consolidated Aluminum Corp. v. Weinroth, 422 So. 2d 330, 331 (Fla 5th DCA 1982) ("A defendant wishing to contest personal jurisdiction must do so in the first step taken in the case, whether by motion or in a responsive pleading, or that issue is waived and defendant has submitted himself to the court's jurisdiction.").

Here, Chestnut filed a pre-answer motion to dismiss solely challenging Nationstar's standing to bring suit. Chestnut's motion to dismiss, however, failed to raise the sufficiency of service of process. The trial court then denied Chestnut's motion to dismiss and ordered Chestnut to answer the complaint. Cf. Cepero v. Bank of N.Y. Mellon Tr. Co., N.A., 189 So. 3d 204, 205, 207 (Fla. 4th DCA 2016) (holding that the defendants did not waive their claim of insufficiency of service of process as they amended their motion to dismiss to raise, for the first time, insufficiency of service of process prior to the trial court ruling on their amended motion to dismiss). By failing to raise service of process in his pre-

4

answer motion to dismiss, Chestnut submitted himself to the trial court's jurisdiction and thus waived his right to later assert that defense.

Accordingly, we find that Chestnut waived his right to challenge service of process and affirm the trial court's order denying Chestnut's motion to quash without an evidentiary hearing.[2]

Affirmed.

---

[2] To the extent the trial court's ruling was based on Chestnut's motion for extension of time to respond to the complaint, filed prior to Chestnut's motion to dismiss, we find that this ruling was erroneous. As Nationstar properly and commendably concedes, "'a motion for extension of time does not constitute a general appearance'" and therefore is not a waiver. Green Emerald Homes, LLC v. PNC Bank, N.A., 207 So. 3d 1027, 1028 (Fla. 5th DCA 2017) (quoting DiGiovanni v. BAC Home Loan Servicing, L.P., 83 So. 3d 934, 935-36 (Fla. 2d DCA 2012)); accord Byers v. FIA Card Servs., N.A., 82 So. 3d 1166, 1168 (Fla. 4th DCA 2012). We nonetheless affirm, as the trial court correctly found that Chestnut waived the right to challenge insufficiency of service of process by filing his pre-answer motion to dismiss without raising this defense.