DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IN RE MARRIAGE OF CHARLES W. KIRBY**

No. 4D18-1386

[August 14, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott I. Suskauer and Catherine M. Brunson, Judges; L.T. Case No. 501993DR000747XXDIFC.

Peggy Rowe-Linn of Peggy Rowe-Linn, P.A., West Palm Beach, for appellant, Charles W. Kirby.

James S. Telepman of Cohen, Norris, Wolmer, Ray, Telepman & Cohen, North Palm Beach, for appellee, Rory Kirby, deceased.

LEVINE, C.J.

The former wife, appellee, died on May 30, 2017. Her counsel notified the trial court of the former wife's death the following day. Before the estate was even opened and the estate substituted as a party, the trial court granted the former husband's motion for attorney's fees, intending to bind the former wife's estate and heirs. A successor judge vacated the attorney's fees order and dismissed the case against the former wife. The former husband appeals. We find that the trial court correctly vacated the initial judge's granting of attorney's fees, without notice to the former wife's estate. We thus affirm the vacatur of the fee order but, on confession of error, reverse the dismissal of the action against the former wife.

This appeal stems from a proceeding ancillary to the parties' 1993 divorce. In 2015, the former husband petitioned to modify his alimony obligation. During the course of the modification proceedings, a discovery matter arose. As a result of this discovery issue, the trial court determined that the former husband would be awarded attorney's fees in the matter. A hearing on the former husband's fee motion was held on May 19, 2017, during which both parties were present.

However, on May 31, 2017, the former wife's attorney filed a suggestion of death indicating that the former wife had passed away on May 30. The former husband moved to substitute the former wife's estate as a party, but his motion was never ruled on. Then, on June 19, 2017—after the

former wife's death but before her estate had been substituted as a party or even opened—the trial court entered an order granting the former husband's motion for attorney's fees. In the order, the trial court acknowledged the former wife's death, but nonetheless expressed its intent "to bind her estate, heirs, agents, and representatives." It therefore ordered that the former husband's attorney was entitled to recover her fees "against [the former wife] and her heirs, successors, agents and assigns." The estate was filed and opened on June 20, the day after the trial court's order granting attorney's fees.

Two new attorneys subsequently filed notices of appearance on behalf of the deceased former wife. After two judicial reassignments, the attorneys filed a motion to vacate the June 19, 2017, fee order and dismiss the case as to the former wife because the estate was not substituted within ninety days of the suggestion of death. The trial court summarily granted the motion in both regards and this appeal follows.

This court generally reviews an order on a motion to vacate for abuse of discretion. *Segalis v. Roof Depot USA, LLC*, 178 So. 3d 83, 85 (Fla. 4th DCA 2015). However, when the decision to vacate is based on a pure question of law, this court conducts de novo review. *Id.*

The trial court correctly vacated the order granting attorney's fees to the former husband. Obviously, upon the former wife's death, she ceased to be present before the court. Additionally, absent a valid order substituting the estate, the estate was not before the court on June 19, 2017, either. It is error to enter judgment against a non-present party. *Floyd v. Wallace*, 339 So. 2d 653, 654 (Fla. 1976) (finding cause of action abated upon death of indispensable party and court erred in "adjudicating the rights of the parties without having all of them actually or constructively before it" before properly substituting party in deceased respondent's case).

Because neither the former wife nor the estate was properly before the court at the time the fee order was entered, that order was void ab initio. In such circumstances, the trial court should have abated proceedings until the substitution of the estate or personal representative. *See Mattick v. Lisch*, 43 Fla. L. Weekly D2467 (Fla. 2d DCA Nov. 2, 2018) (stating that upon suggestion of death, correct course is to abate action until "the estate or a proper legal representative" is substituted). Due process mandates that the estate be given notice of the hearing that resulted in binding the estate to pay attorney's fees to the former husband. As such, the successor judge below was correct in vacating the order, albeit for a different reason. *See Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So.

2d 638, 644 (Fla. 1999) ("In some circumstances, even though a trial court's ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling.").

Reversal is warranted, however, on the order granting the former wife's motion to dismiss. In granting the motion to dismiss, the trial court erroneously relied upon the former wife's representation that Florida Rule of Civil Procedure 1.260 applied. That rule requires that an action be dismissed if a motion for substitution is not made within ninety days of an opposing party's death. Fla. R. Civ. P. 1.260(a)(1). As the former wife now concedes, that rule is inapplicable here.

Instead, the applicable rule was Florida Family Law Rule 12.260(a)(1), which does *not* set out a substitution timeframe and instead states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party . . . [and] must be served on all parties . . . . If a party dies while a proceeding is pending and that party's rights survive, the court may order the substitution of the proper party on its own motion or that of any interested person.

In applying the incorrect procedural rule, the trial court concluded it lacked discretion and thus had to dismiss the case. This was error. *See Rice v. NITV, LLC*, 19 So. 3d 1095, 1099 (Fla. 2d DCA 2009) (reversing where trial court erroneously believed it lacked discretion to continue hearing). We therefore reverse the order granting dismissal as to the former wife and remand for the trial court to apply Florida Family Law Rule 12.260 in determining how to proceed on the matter of fees against the estate.

*Affirmed in part, reversed in part, and remanded.*

GERBER and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**