# Third District Court of Appeal

## State of Florida

Opinion filed February 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0110
Lower Tribunal No. 16-22203
_____

**Allstate Mortgage Solutions Transfer, Inc.,**
Appellant,

vs.

**Bank of America, N.A.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Elliot L. Miller, for appellant.

Liebler, Gonzalez & Portuondo and Alan M. Pierce, for appellee.

Before EMAS, SCALES and LOBREE, JJ.

LOBREE, J.

Allstate Mortgage Solutions Transfer Inc. ("Allstate") appeals the trial

court's denial of its motion to quash service of process in a residential foreclosure action brought against it by Bank of America, N.A. ("Bank of America"). We affirm on all issues but write to address Allstate's challenge to the court's determination that it waived its right to contest service of process by its prior filing in the case. Based upon our independent review of the record, we affirm the order on review and find that Allstate waived any challenge to improper service of process in this action by filing its motion for reconsideration of the court's grant of leave to amend the complaint without raising any challenge to service of process or otherwise disputing the court's exercise of personal jurisdiction over it.

<u>Facts and Procedural History</u>

Bank of America instituted the subject residential foreclosure action on August 25, 2016. The initial complaint named as defendants a number of parties, including an entity with a similar name to Allstate, then an unnamed party. After Allstate identified itself as the proper entity to sue in this case on October 14, 2018, Bank of America moved for leave of court to amend the complaint to name Allstate as a defendant on January 23, 2019, and provided a copy of the motion, along with the proposed amended complaint, to Allstate on that same date. Following a scheduled hearing on the motion on March 19, 2019, for which Allstate's counsel failed to timely appear to

2

oppose the motion, the court issued an order granting same, deeming the amended complaint filed as of that date.

Allstate moved for reconsideration of the court's grant of leave to amend the complaint on that same date, March 19, 2019, on the grounds that the amended complaint failed to include as a party in the case Allstate's mortgagee, which needed to be joined. While labeled as a special appearance motion, the motion did not object to the court's jurisdiction over Allstate due to lack of service of process, nor did it otherwise dispute personal jurisdiction over it. The court ultimately denied the motion following a hearing on April 30, 2019, and directed Allstate to answer the amended complaint, purportedly served upon it the previous day, April 29, 2019, within ten days.

On May 3, 2019, Allstate sought, through a motion entitled a special appearance motion, additional time to respond to the amended complaint. While this motion was pending, on May 20, 2019, Allstate further moved, via a special appearance motion, to quash service of process on it on the basis that the return of service, filed by Bank of America with the court on May 3, 2019, reflected that the April 29, 2019 service was effectuated on a person who was neither its employee nor an employee of its registered agent, and thus insufficient to establish personal jurisdiction over it. At the evidentiary

3

hearing on December 12, 2019, the court seemingly found that the April 29, 2019 service was improper, but nonetheless denied the motion on the basis that Allstate waived any issue regarding service of process by filing its May 3, 2019 motion for enlargement of time to respond to the amended complaint. This interlocutory appeal followed.

Standard of Review

We have jurisdiction to review the challenged order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) (providing that order determining personal jurisdiction is appealable before rendition of final judgment); see also Chestnut v. Nationstar Mortg. LLC, 255 So. 3d 397, 398-99 (Fla. 3d DCA 2018) ("[A]n order on motion to quash service of process is one that determines personal jurisdiction and is thus appealable." (quoting Vaughn v. Wells Fargo Bank, N.A., 153 So. 3d 969, 970 n.1 (Fla. 5th DCA 2015))). The determination of whether the defendant has waived the right to challenge the court's jurisdiction over it is a pure question of law, subject to our de novo review. See Mesa v. Bank of New York, 180 So. 3d 222, 224 (Fla. 3d DCA 2015); see also Chestnut, 255 So. 3d at 399 ("[W]hether the trial court properly ruled on a motion to quash service of process for lack of personal jurisdiction is a question of law, which we review de novo." (quoting

4

Mecca Multimedia, Inc. v. Kurzbard, 954 So. 2d 1179, 1181 (Fla. 3d DCA 2007))).

Analysis

A court's jurisdiction over a defendant is ordinarily established by service of process on the defendant. See McKelvey v. McKelvey, 323 So. 2d 651, 653 (Fla. 3d DCA 1976); see also Modway, Inc. v. OJ Commerce, LLC, 46 Fla. L. Weekly D2532, D2534 (Fla. 4th DCA Nov. 24, 2021) ("Proper service of process is indispensable for the court to obtain personal jurisdiction over a defendant." (quoting Sierra v. U.S. Bank Tr., N.A., 299 So. 3d 402, 403 (Fla. 4th DCA 2020))). Florida courts, however, have long recognized that jurisdiction over a defendant may be acquired by the defendant's voluntary appearance in the case and submission to the court's jurisdiction, which, in turn, cures any defects in service of process. See McKelvey, 323 So. 2d at 653, 653 n.2; see also Fisher v. State, 840 So. 2d 325, 330 (Fla. 5th DCA 2003) ("[A] party can make a voluntary appearance and submit to the jurisdiction of a court even where the party is not served with process.").

A defendant may voluntarily appear in the case and submit to the court's jurisdiction in any number of ways, ranging from failure to timely object to personal jurisdiction, to submission implied from conduct, to

5

express consent to the prosecution of a case before the court. See Babcock v. Whatmore, 707 So. 2d 702, 704 (Fla. 1998); Golden State Indus., Inc. v. Cueto, 883 So. 2d 817, 820 (Fla. 3d DCA 2004) ("Because personal jurisdiction is intended to protect a defendant's liberty interests, the defense is a personal right and may be obviated by consent or otherwise waived."); see also First Wisconsin Nat'l Bank of Milwaukee v. Donian, 343 So. 2d 943, 945 (Fla. 2d DCA 1977) ("[T]hose who participate in litigation by moving the court to grant requests materially beneficial to them, have submitted themselves to the court's jurisdiction."); Inter Am. Coal, S.A. v. SHE DDF2-FL2, LLC, 255 So. 3d 432, 433 (Fla. 3d DCA 2018) ("[A] defendant may waive a timely objection to personal jurisdiction by seeking affirmative relief . . . inconsistent with an initial defense of a lack of personal jurisdiction." (quoting Alvarado v. Cisneros, 919 So. 2d 585, 587 (Fla. 3d DCA 2006))).

Florida law is well settled that a defendant wishing to challenge personal jurisdiction must do so in the first step the defendant takes in the case, or this defense will be deemed waived, and the court will be deemed to have acquired jurisdiction over the defendant. See Consolidated Aluminum Corp. v. Weinroth, 422 So. 2d 330, 331 (Fla. 5th DCA 1982); see also Snider v. Metcalfe, 157 So. 3d 422, 424 (Fla. 4th DCA 2015) ("Lack of personal jurisdiction is a waivable defense that must be raised at the 'first

opportunity' and before the defendant takes any steps in the proceeding constituting submission to the court's jurisdiction."); Lennar Homes, Inc. v. Gabb Constr. Servs., Inc., 654 So. 2d 649, 651 (Fla. 3d DCA 1995) ("A defendant who fails to contest the sufficiency of service of process at the inception of the case . . . has waived [its right to assert] this defense . . . at a later stage in the proceedings."); Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So. 2d 794, 795 (Fla. 4th DCA 1987) ("The first step which a party takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived.")

Here, the first step taken by Allstate in the case after the amended complaint was deemed filed was the filing of its March 19, 2019 motion for reconsideration of the court's grant of leave to amend the complaint. However, because this motion did not assert any challenge to service of process or otherwise contest the court's jurisdiction over Allstate, it waived any subsequent challenge to personal jurisdiction, and could not validly contest the sufficiency of service of process in a subsequently filed motion to quash service of process. Florida courts have found a waiver of jurisdictional defects under similar circumstances in many instances. See Century-National Ins. Co. v. Frantz, 320 So. 3d 929, 931 (Fla. 2d DCA 2021)

7

(finding that motion to set aside default that failed to contest service of process or otherwise dispute personal jurisdiction over insured waived any subsequent challenge to personal jurisdiction); Chestnut, 255 So. 3d at 399 (concluding that mortgagor's heir waived right to contest service of process when he filed his pre-answer motion to dismiss solely challenging mortgagee's standing without raising defense of lack of service of process); Dolan v. Dolan, 81 So. 3d 558, 559 (Fla. 3d DCA 2012) (holding that former wife waived service of process issue when she filed motion to dismiss former husband's petition for failure to state claim but did not raise lack of service process issue until year later when she filed second motion to dismiss); Bush v. Schiavo, 871 So. 2d 1012, 1013-14 (Fla. 2d DCA 2004) (finding that governor had submitted to jurisdiction of court by participating in emergency injunction hearing hours after underlying action was filed, without objecting to court's jurisdiction or failure to effect personal service on him, and receiving material benefits by that participation); Weinroth, 422 So. 2d at 331 (finding that defendant's failing to object to personal jurisdiction in its first filing, motion to vacate default, defendant waived any issue concerning service of process).

The fact that Allstate entitled the motion as a special appearance motion does not change the outcome that any issue regarding service of

8

process in this action was waived. See McKelvey, 323 So. 2d at 653 ("[I]n determining the character of an appearance, the court always will look to matters of substance, rather than of form."); Bay City Mgmt., Inc. v. Henderson, 531 So. 2d 1013, 1016 (Fla. 1st DCA 1988) (finding that corporations' special appearance motion to set aside default judgment that reserved right to assert that court lacked personal jurisdiction over them because of lack of valid service of process, without setting forth grounds on which this defense was based, amounted to general appearance and waiver of any jurisdictional defects); cf. Rojas v. Rojas, 723 So. 2d 318, 318 (Fla. 3d DCA 1998) (holding that former husband, who filed notice of special appearance intending to contest personal jurisdiction, waived that defense by failing to expressly challenge personal jurisdiction in first motion in case seeking to set aside default judgment and dismiss petition for dissolution of marriage).[1]

---

[1] We note, however, that to the extent the court seemingly found that Allstate waived any issue regarding service of process by merely moving for extension of time to respond to the amended complaint, it was error to do so. "'[A] motion for extension of time does not constitute a general appearance ' and therefore is not a waiver" of jurisdictional defenses. Chestnut, 255 So. 3d at 399 n.2 (quoting Green Emerald Homes, LLC v. PNC Bank, N.A., 207 So. 3d 1027, 1028 (Fla. 5th DCA 2017)); see also Barrios v. Sunshine State Bank, 456 So. 2d 590, 590 (Fla. 3d DCA 1984) (holding that filing motion for enlargement of time within which to respond to complaint did not constitute general appearance reflecting submission to jurisdiction and waiver of defense of lack of personal jurisdiction).

Affirmed.