# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1465
Lower Tribunal No. 21-11461-FC-04
_____

**Anthony Clark,**
Appellant,

vs.

**Pamela Clark,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Marro Law, P.A., and Meaghan K. Marro (Plantation), for appellant.

Pamela M. Gordon, P.A., and Pamela M. Gordon (Hollywood), for appellee.

Before FERNANDEZ, LINDSEY and LOBREE, JJ.

FERNANDEZ, J.

Anthony Clark ("the Former Husband") appeals the Amended Final Judgment of Dissolution of Marriage, entered on September 9, 2024. Because the Former Husband failed to file post-judgment motions seeking relief and failed to file the hearing transcript, we affirm.

The underlying case concerns a typical dissolution of marriage that concluded in a final judgment, entered on May 16, 2024. Thereafter, Pamala Clark ("the Former Wife") moved for rehearing on a variety of issues. The Former Husband never responded to the hearing, did not object, and did not appear. Upon the trial court's request, the Former Wife filed a proposed amended final judgment, which the trial court executed on July 19, 2024, and docketed on September 9, 2024. The child support guidelines were not attached to the amended final judgment, though they were attached to the original final judgment.

The Former Husband did not file any post-judgment motions seeking relief under Florida Family Law Rule of Procedure 12.530 or 12.540. As a result, no issues were preserved for appellate review prior to filing his Notice of Appeal on August 20, 2024. Former Husband did not file the transcript of the hearing.

On appeal, the Former Husband argues many issues including that his due process rights were violated when he did not receive a copy of the

Former Wife's motion for rehearing, the notice of hearing on the motion for rehearing, or the amended final judgment.

The standard of review for a dissolution of marriage final judgment is abuse of discretion. <u>Matajek v. Skowronska</u>, 927 So. 2d 981, 985 (Fla. 5th DCA 2006).

On appeal, the Former Husband assigns error on six issues: 1) the trial court did not exercise independent decision making in the amended final judgment; 2) the trial court denied the Former Husband due process; 3) the trial court erred in its findings related to equitable distribution and attorney's fees; 4) the trial court erred in imputing income to the Former Husband; 5) the trial court erred in calculating alimony, child support, and other support related matters; and 6) the trial court erred in awarding attorney's fees to the Former Wife.

The issue of service was not raised before the trial court pursuant to Florida Family Law Rule of Procedure 12.530 or 12.540 and Florida Rule of Civil Procedure 1.140 and is therefore not preserved for appeal. <u>See</u> Fla. R. Civ. P. 1.140(h)(1) ("A party waives all defenses and objections that the party does not present either by motion under subdivisions (b), (e), or (f) of this rule or, if the party has made no motion, in a responsive pleading except as provided in subdivision (h)(2)."); <u>Dolan v. Dolan</u>, 81 So. 3d 558, 559 (Fla. 3d

DCA 2012) ("If not raised in a responsive pleading or by motion filed by a party, an objection to improper service of process is waived."); Parlier v. Eagle-Picher Indus., Inc., 622 So. 2d 479, 481 (Fla. 5th DCA 1993) ("There is a general rule of appellate review, based on practical necessity and fairness to the opposing party and the trial judge, that issues not timely raised below will not be considered on appeal. The rule applies to issues of procedural irregularities " (internal citation omitted)).

As to the factual issues, the Former Husband failed to file transcripts of the proceedings below in addition to not raising these issues before the trial court. Magana v. Machado, 406 So. 3d 317, 318 (Fla. 3d DCA 2025) ("We note, as a threshold matter, that Former Husband has not provided a transcript of the proceedings in the lower court and therefore (absent a supportable claim of fundamental error) Former Husband has failed to provide an adequate record for meaningful review of those claims which we would review for competent substantial evidence or under an abuse of discretion standard    In addition, and to the extent Former Husband claims the trial court failed to make requisite factual findings in the final judgment, it has not been properly preserved because Former Husband failed to file a motion for rehearing in the trial court.").

Because the Former Husband failed to file post-judgment motions seeking relief and failed to file the hearing transcript, we affirm.

Affirmed.