PER CURIAM.
We are of the opinion that a curator of a decedent’s estate has no standing to bring an action for a declaratory judgment as concerns a contract between a corporation and another simply because the decedent owned the corporation’s stock. The decedent was not a party to the contract and obviously, since the decedent owned a controlling stock interest, the estate can cause the corporation to initiate such action in the corporate name if the estate is so advised. We affirm upon the authority of Fried v. Easton, 293 So.2d 87 (Fla. 3d DCA 1974); Grandin Industries, Inc. v. Florida Nat’l Bank at Orlando, 267 So.2d 26 (Fla. 4th DCA 1972); Talcott v. McDowell, 148 So.2d 36 (Fla. 3d DCA 1962); § 86.041(3), Florida Statutes (1985).
Affirmed.
WALDEN and STONE, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.