PER CURIAM.
This is an appeal of a non-final order granting Centerre Trust Company of St. Louis’s motion to dismiss for lack of jurisdiction over the person. We affirm.
The “formal notice” given to Centerre by the Estate of Julia Tyler pursuant to section 731.301(l)(a) was insufficient to obtain jurisdiction over Centerre concerning its activities as co-trustee. See In re Estate of Black, 528 So.2d 1316 (Fla. 2d DCA 1988).
Further, there is no jurisdiction pursuant to Florida’s Long Arm Statute. The complaint does not allege that Centerre was “conducting business” within the state as *1308 required by section 48.193(l)(a), Florida Statutes (1987). Nor is there jurisdiction pursuant to section 48.193(l)(f)l because the complaint does not allege that Centerre was engaged in “solicitation” within the state. Lastly, the complaint fails to establish jurisdiction over a person “committing a tortious act within this state” pursuant to section 48.193(l)(b). Although the complaint alleges that Centerre breached its fiduciary duty to the estate, it fails to allege that any injury has yet occurred in Florida. The will provides that the situs of the trust is St. Louis, the location of the corporate trustee. Although all of the assets of the trust are as yet in Florida, there is no allegation that there has been a diminution of those assets at this time. Thus, there are insufficient allegations on which to establish jurisdiction pursuant to section 48.193(l)(b). See Phillips v. Orange Company, 522 So.2d 64 (Fla. 2d DCA 1988); International Harvester Company v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984).
AFFIRMED.
WALDEN, GUNTHER and GARRETT, JJ., concur.