FLETCHER, Judge.
C.A.T., LLC., [CAT] brought suit derivatively on behalf of the Fisher Island Com *374 munity Association, Inc. [FICA], seeking a declaratory judgment that the developers of Fisher Island improperly conveyed certain real property to the Fisher Island Club, Inc. [the Club]. CAT alleged that the property actually belongs to FICA and that the initial developer of Fisher Island anticipatorily breached an agreement to convey the property to FICA at a future date. CAT’s suit was brought to an abrupt end when the trial court dismissed it, having concluded that a stockholder’s derivative suit may not be brought through a declaratory action. We reverse the dismissal and remand the case for further proceedings.
One can scarcely blame the trial court for its having dismissed CAT’s derivative declaratory judgment action as it relied specifically upon two Florida cases that appear to support the trial court’s conclusion: Wolf Sanitary Wiping Cloth, Inc. v. Wolf, 526 So.2d 702 (Fla. 3d DCA 1988) and First Nat’l Bank in Palm, Beach v. Underwood, 499 So.2d 60 (Fla. 4th DCA 1986).
In Wolf, at 704, this court stated straightaway that “because a stockholder’s derivative suit cannot be brought through a declaratory action, it necessarily follows that such a [derivative] suit cannot be brought through a declaratory action in a probate proceeding.”[1] Thus it would seem that any analysis of the ability to bring a derivative/declaratory action could stop at Wolf. However, Wolf may not be the alpha and omega of derivative declaratory actions as it was not a stockholder’s derivative action; rather it was a direct action brought by the personal representative of Wolfs estate. Wolfs discussions relating to derivative declaratory actions may be mere dicta, thus not precedent for the dismissal of CAT’s derivative suit seeking a declaratory judgment. Indeed that point of view (mere dicta) has been urged upon us.
The second decision relied upon by the trial court in dismissing CAT’s suit is First Nat’l Bank in Palm Beach v. Underwood, 499 So.2d 60 (Fla. 4th DCA 1986), which was a direct action brought by the curator ■ of a decedent’s estate, seeking a declaratory judgment. The curator had made no attempt to assert a derivative action. Underwood, then, like Wolf may not truly be precedent here (as also urged on us).[2]
Although some, because of the “mere dicta” suggestion, may consider that a three-judge panel may validly contravene Wolf in resolving the issue before us, exercising caution we have determined to decide this case en banc. Our conclusion is that stockholders may bring derivative actions in the form of suits for declaratory relief. We recede from any statement or conclusion to the contrary in Wolf.
The legislature has, in no uncertain terms, by its enactment of Chapter 86, Florida Statutes, emphatically authorized the general use of declaratory actions. Section 86.011 provides for jurisdiction in the circuit and county courts to declare rights, status, and “other equitable or legal relations whether or not further relief is or could be claimed.” Most importantly Sec *375 tion 86.011 mandates: “No action or procedure is open to objection on the ground that a declaratory judgment is demanded.” This clear and unambiguous legislative injunction cannot be construed to allow the dismissal of CAT’s derivative/declaratory action. Further, Section 86.051 re-emphasizes this legislative injunction: “The enumeration in [the preceding sections] does not limit or restrict the exercise of the general powers conferred in s.86.011 in any action where declaratory relief is sought.”[3] [e.s.]
The legislature’s instructions as to the construction of the statutes relating to declaratory actions are set forth in Section 86.101:
“This chapter is declared to be substantive and remedial. Its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed.” [e.s.]
In Olive v. Maas, 811 So.2d 644 (Fla.2002), the supreme court emphasized the “notion of a broad construction of the declaratory judgment Act,” as had the Second District Court of Appeal in X Corp. v. Y Person, 622 So.2d 1098 (Fla. 2d DCA 1993) and as this court did in National Rifle Ass’n of America, Inc. v. City of South Miami, 812 So.2d 504 (Fla. 3d DCA 2002). We find nothing in Chapter 86 that would support the dismissal of CAT’s derivative/declaratory action; to the contrary, we find Chapter 86 precludes such a basis for dismissal.[4]
We specifically hold that shareholders’ derivative actions may be brought in the form of declaratory actions.[5] The order appealed is reversed and the case is remanded to the trial court with instructions to reinstate this declaratory action in accordance with this opinion and decision.
SCHWARTZ, C.J., and COPE, GERSTEN, GODERICH, GREEN, SHEVIN and RAMIREZ, JJ., concur.

. Essentially repeated at 706 with citation to Underwood.

. The various cases cited in Wolf and Underwood deal with the question of whether declaratory actions can be used to resolve factual issues and, if so, under what circumstances. We have not analyzed these and subsequent such cases as those issues are not before us. For the reader’s information the Fourth District Court of Appeal sitting en banc has explored the details of these issues at some length. State Farm Fire & Casualty Co. v. Higgins, 788 So.2d 992 (Fla. 4th DCA), rev. granted, 794 So.2d 604 (Fla.2001).

. Section 86.071 provides specifically for the determination of issues of fact as in other civil actions. As stated earlier, however, we are not concerned here with issues relating to factual determination.

. We have also reviewed Chapter 607, Florida Statutes, specifically Section 607.07401 relating to shareholders derivative actions, and found nothing therein that would preclude such actions from being brought in the form of declaratory relief.

.As previously stated we recede from anything to the contrary in Wolf. We do not certify a conflict with Underwood. As previously explained the issue there is not the same issue as here.