STEVENSON, J.
Francine Garfinkel, a non-party witness, challenges an order of the trial court finding she waived her objection to the court’s exercise of jurisdiction over her person by filing a motion for protective order that sought to quash the deposition subpoena for lack of service and to limit any deposition permitted on the grounds of the spousal and litigation privileges. We reverse.
A court lacks jurisdiction over a non-party and the authority to require the non-party to appear for deposition where she has not been served with the deposition subpoena. See Anderson Invs. Co. v. Lynch, 540 So.2d 832, 833 (Fla. 4th DCA 1988); Ward v. Gibson, 340 So.2d 481, 482 (Fla. 3d DCA 1976). Garfinkel’s motion for protective order plainly raised the issue of lack of service and the joinder of substantive arguments directed to the scope of any deposition ultimately held did not result in a waiver of her claim of lack of service and thus lack of jurisdiction. See Fla. R. Civ. P. 1.140(b) (“No defense or objection is waived by being joined with other defenses or objections_”); Berne v. Beznos, 819 So.2d 235, 238 (Fla. 3d DCA 2002) (“[I]f a defending party timely raises an objection to personal jurisdiction or service of process, then that defendant may plead to the merits and actively defend the lawsuit without waiving the objection.”). The filing of the motion for protective order, seeking to quash or limit the deposition, was defensive and not a claim for affirmative relief that resulted in a waiver of the claim of lack of service and personal jurisdiction. See Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998) (“[A] defendant waives a challenge to personal jurisdiction by seeking affirmative relief — such requests are logically inconsistent with an initial defense of lack of jurisdiction.”); Banco de Costa Rica v. Rodriguez, 573 So.2d 833, 834 (Fla.1991) (holding defendant’s filing of motion to quash deposition subpoena raising lack of service was a defensive action that did not result in waiver of claim of lack of personal jurisdiction).
*42 Joannou v. Corsini, 543 So.2d 308 (Fla. 4th DCA 1989), the authority relied upon by appellee, is distinguishable. There, this court found a waiver where Joannou raised a claim of lack of personal jurisdiction after he had filed a motion for protective order asserting that, as a party, he had been entitled to notice of depositions and was not afforded the same. Id. at 311.
Accordingly, we reverse the order finding Garfinkel waived her claim of lack of personal jurisdiction and requiring her to appear for deposition. We reject Garfinkel’s claim that the April 2011 hearing precipitating the order on rehearing served as the evidentiary hearing on the matter of service of the deposition subpoena and that she is therefore entitled to immediate entry of an order quashing the subpoena. We remand the matter to the trial court for further proceedings consistent with this opinion.

Reversed and Remanded.

MAY, C.J., and CIKLIN, J., concur.