DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARL FREDRIK GUSTAFASSON,**
Appellant,

v.

**THE MATTER OF CATHERINE LEVINE,**
Appellee.

No. 4D15-1698

[December 2, 2015]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Laura M. Watson, Judge; L.T. Case No. FMCE14-005173 42/91.

Lauren Melissa Alperstein of Boies, Schiller & Flexner LLP, Hollywood, for appellant.

Deborah Bianchi Tracht, P.A., Fort Lauderdale (withdrawn as counsel after filing brief), and Catherine Levine, Hollywood, pro se.

DAMOORGIAN, J.

Carl Frederik Gustafasson ("the Father") appeals the trial court's denial of his motion to dismiss for lack of personal jurisdiction, quash service of process, and for other relief in a child support dispute with Catherine Levine ("the Mother"). Because we conclude that the Mother failed to demonstrate grounds for personal jurisdiction over the Father and the Father did not waive the defense of lack of personal jurisdiction, we reverse.

By way of background, the Mother filed a petition in Florida to establish child support and other relief in connection with the parties' minor child. The Father was then served with the petition in Sweden, where he resides. In her petition, the Mother requested the trial court exercise long-arm jurisdiction over the Father pursuant to the Hague Convention's provisions regarding service abroad. The Mother never alleged, however, that the minor child was conceived in Florida or that the Father ever resided in or visited Florida. The Father in turn took the following steps in the litigation: (1) filed a general notice of appearance which was

amended the following day as a limited notice of appearance; (2) filed two discovery requests and withdrew the same the following day; and (3) agreed to an order extending a discovery deadline. The Father subsequently filed his motion to dismiss for lack of personal jurisdiction, and argued therein that he had not been served in Florida and had never lived in or visited Florida. These allegations were never refuted by the Mother. The Father further maintained that his limited actions in the litigation thus far did not serve to waive personal jurisdiction as they were defensive in nature. As such, the Father maintained that the trial court lacked personal jurisdiction. The trial court disagreed and found that the Father had "voluntarily submitted himself to the jurisdiction of the trial court by participating in the litigation by moving the court to grant requests materially beneficial to [the Father]."

As a preliminary matter, we hold that the Mother failed to establish personal jurisdiction over the Father because she failed to plead any facts sufficient to demonstrate personal jurisdiction over the Father under Florida's long-arm statute, section 48.193, Florida Statutes (2014), or the Uniform Interstate Family Support Act, section 88.2011, Florida Statutes (2014). Furthermore, while the Mother did generally refer to the Hague Convention in her petition, she failed to show that its provisions would override the applicable statutory provisions or due process considerations. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989).

We further hold that the Father did not waive the defense of lack of personal jurisdiction by filing a limited notice of appearance, making and subsequently withdrawing two discovery requests, and agreeing to an order extending a discovery deadline. Those actions "were purely defensive in nature, could not be maintained 'independently of [the Mother's] claim,' and thus, were not requests for affirmative relief." *Brown v. U.S. Bank Nat'l Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013) (holding that appellants did not waive defect in service by making discovery requests and moving for sanctions as those actions were purely defensive in nature). *See also Pub. Gas Co. v. Weatherhead Co.*, 409 So. 2d 1026, 1027 (Fla. 1982) (holding that the filing of a notice of appearance did not serve to waive the right to claim lack of jurisdiction); *Byers v. FIA Card Servs., N.A.*, 82 So. 3d 1166, 1168 (Fla. 4th DCA 2012) (holding that filing a motion for extension of time within which to respond to a complaint did not go to the merits of the case and therefore did not serve to waive the defense of lack of jurisdiction). Nor did the Father's filing of a motion for attorney's fees constitute waiver, as this motion was filed in connection with his motion to dismiss the Mother's petition for lack of personal jurisdiction. *See Heineken v. Heineken*, 683 So. 2d 194, 198 (Fla. 1st DCA 1996).

Accordingly, we reverse and remand for the trial court to vacate its order denying relief and to grant the motion to dismiss.

*Reversed and remanded.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**