Gross, J'.
We reverse the circuit court’s denial of a defendant’s motion to quash service of process. Contrary to the belief of the trial court, appellant did not seek affirmative relief that subjected him to the jurisdiction of the court.
This is Ronald Bomstein’s appeal from an order that denied his motion to quash service of process. The underlying action is a residential foreclosure. Ronald and Alba Bornstein, divorced since 2008, filed a notice of limited and special appearance to challenge jurisdiction and service of process.
Ronald is an attorney and identified himself as “Limited Attorney for Defendants.” Both he and Alba moved to quash service. By order of January 6, 2016, the trial court denied the plaintiff Bank’s motion for default and ordered the parties to schedule a hearing on the pending motion to quash within sixty days.
The Bank unilaterally scheduled a hearing for February 5, 2016, on the motion to quash. On January 21, the Bornsteins moved for' protective order and sanctions seeking to block the Bank’s attempt to schedule an evidentiary hearing on an abbreviated motion calendar. The motion for protective order detailed e-mail exchanges between Ronald and the Bank’s counsel regarding scheduling issues. The motion indicates that Ronald had previously filed a notice of unavailability. An agreed order was issued, cancelling the February 5 hearing.
The trial court subsequently held an evi-dentiary hearing to address the motions to quash. The Bank conceded that service on Alba was improper, but argued that service on Ronald was proper. Among other points,’ the Bank asserted that Ronald sought’ “affirmative relief from the Court” *834 through his motion for protective order and request for sanctions.
The trial court granted Alba’s motion to quash given the concession. In denying Ronald’s motion, the trial court found that service was defective, but that Ronald waived the defect and submitted himself to the court’s jurisdiction by seeking affirmative relief when filing the January 21 motion for protective order and sanctions.
We hold that Ronald’s filings were defensive only; He did not seek affirmative relief on the merits of the foreclosure case, and thus did not waive his objection to service or submit himself to the court’s jurisdiction. See Segalis v. Roof Depot USA, LLC, 178 So.3d 83, 85 (Fla. 4th DCA 2015) (noting that for a filing to constitute a general appearance sufficient to waive a challenge to jurisdiction, “it must seek some sort of affirmative relief on the merits of the case.”) (quoting DiGiovanni v. BAC Home Loans Servicing, L.P., 83 So.3d 934, 936 (Fla. 2d DCA 2012)); Moo Young v. Air Canada, 445 So.2d 1102, 1104 (Fla. 4th DCA 1984).
For example, in Garfinkel v. Katzman, 76 So.3d 40, 41 (Fla. 4th DCA 2011), we held that the'filing of a motion for protective order seeking to quash or limit a deposition was defensive and not a claim for affirmative relief that waived the service and personal jurisdiction challenges. See also Babcock v. Whatmore, 707 So.2d 702, 704 (Fla. 1998) (“[A] defendant waives a challenge to .personal jurisdiction by seeking affirmative relief—such requests are logically inconsistent with an’ initial defense of lack of jurisdiction.”); Banco de Costa Rica v. Rodriguez, 573 So.2d 833, 834 (Fla. 1991) (holding defendant’s filing of motion to quash deposition subpoena raising lack of service was a defensive action that did not result in waiver of claim of lack of personal jurisdiction); compare Solmo v. Friedman, 909 So.2d 560, 564 (Fla. 4th DCA 2005) (observing that even if constructive service were defective, husband waived challenge by participating in two hearings without objection and by submitting his own proposal for a supplement to, the final judgment following hearing in which he participated).
Herein, Ronald’s motion for protective order challenged the Bank’s scheduling tactics and resulted in an agreed'order cancelling the hearing. His motion for sanctions sought fees associated with the filing of that motion. In Brown v. U.S. Bank National Association, 117 So.3d 823, 824 (Fla. 4th DCA 2013), we held that comparable motions did not waive the challenge to service. Thus, we reverse and remand since neither of Ronald’s motions constituted the type of affirmative relief that would amount to a submission to the trial court’s jurisdiction. See Cepero v. Bank of N.Y. Mellon Trust Co., 189 So.3d 204 (Fla. 4th DCA 2016).

Reversed and remanded to enter an order granting appellant’s motion to quash.

Warner and May, JJ., concur.