# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-943
Lower Tribunal No. 16-9184
_____

## TBI Caribbean Company LTD., etc., et al.,
Appellants,

vs.

## Stafford-Smith, Inc., etc.,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

The Bain Law Firm P.L. and Basil L. Bain (Naples), for appellants.

Vernon Litigation Group and Jeffrey S. Haut and Sara F. Hall (Naples), for appellee.

Before SUAREZ, LOGUE, and SCALES, JJ.

SUAREZ, J.

TBI Caribbean Company, Ltd. and Jesus Hinojosa (Appellants/Defendants below) appeal from the trial court's non-final order denying their motions to

dismiss Stafford-Smith, Inc.'s (Appellee/Plaintiff below) Complaint for failure to allege a sufficient basis for invoking personal jurisdiction. Because we find that TBI and Hinojosa waived their objection to personal jurisdiction by seeking affirmative relief under a Subcontract Agreement, which was inconsistent with their jurisdictional objection, we affirm.

BACKGROUND

TBI and Stafford-Smith entered into a Subcontract Agreement in which TBI, the contractor, agreed to pay Stafford-Smith, the subcontractor, to complete work on the Baha Mar resort in Nassau, Bahamas. According to the Complaint, Hinojosa signed a personal guarantee of TBI's debt. The Complaint's only allegation regarding personal jurisdiction was the following: "Pursuant to the explicit terms of the contract, paragraph 38-C, jurisdiction is proper in Miami, Florida." Paragraph 38(c), in turn, provides as follows:

> To the extent that any dispute, controversy, or claim arises under this Subcontract and a suit is initiated by either party, the suit, shall be brought in and before the State Court in Dade County, Florida, wherein exclusive jurisdiction shall lie. This agreement on jurisdiction/venue shall override any conflicting state statute and, for any such lawsuit, Subcontractor hereby waives any rights to assert any different jurisdiction/venue pursuant to a conflicting state statute.

In response to the Complaint, TBI and Hinojosa filed motions to dismiss for failure to state causes of action for personal guarantee and breach. TBI and

Hinojosa also sought dismissal for failure to allege a sufficient basis for asserting personal jurisdiction. Both motions included a request for attorney's fees pursuant to a fee provision in the Subcontract Agreement. The circuit court denied the motions to dismiss, and TBI and Hinojosa appeal.

ANALYSIS

The only issues on appeal concern personal jurisdiction. TBI and Hinojosa argue that the circuit court erred in denying their motions to dismiss because the Complaint was required to allege sufficient bases for Florida courts to exercise personal jurisdiction, and the only allegation, a single reference to the Subcontract Agreement, was insufficient. See, e.g., Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt. Servs., Ltd., 811 So. 2d 809, 811 (Fla. 3d DCA 2002) ("The legislature has set forth in our long arm statute the policy of this State concerning when Florida courts can exercise in personam jurisdiction over non-resident defendants. Conspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by contractual agreement." (quoting McRae v. J.D./M.D., Inc., 511 So. 2d 540, 543 (Fla. 1987))). We agree. The Complaint was facially insufficient because the only alleged basis for personal jurisdiction was the Subcontract Agreement's forum selection clause.

Stafford-Smith does not dispute that the Complaint was insufficient. Instead, it argues (1) that the appeal should be dismissed as moot because it sought

3

to amend the Complaint below and (2) TBI and Hinojosa waived their objection to personal jurisdiction by requesting attorney's fees under the Subcontract Agreement.

Stafford-Smith's mootness argument is without merit. On the same day Stafford-Smith filed its Answer Brief, it filed a Motion for Leave to Amend the Complaint in the circuit court. Initially, the circuit court granted the Motion, and Stafford-Smith filed two motions to supplement the record on appeal with both the Motion to Amend and the Order granting the Motion. However, this Court denied both of Stafford-Smith's motions to supplement. The circuit court subsequently vacated its order granting Stafford-Smith's Motion for Leave to Amend. Consequently, there is no amended complaint below, and everything is as it was when this appeal was filed.

We next consider Stafford-Smith's waiver argument. TBI and Hinojosa requested attorney's fees in their motions to dismiss below and in a motion filed in this appeal. Stafford-Smith argues that TBI and Hinojosa waived their objection to personal jurisdiction by seeking attorney's fees pursuant to the Subcontract Agreement.[1] We agree.

It is well established that personal jurisdiction may be waived by seeking relief that is inconsistent with a jurisdictional objection. See Babcock v.

---

[1] Hinojosa is not a party to the Subcontract Agreement, and it is not clear on what grounds his recovery of fees is sought. See Fla. R. App. P. 9.400(b).

Whatmore, 707 So. 2d 702, 703-04 (Fla. 1998); Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So. 2d 794, 795 (Fla. 4th DCA 1987) ("If a party takes some step in the proceedings which amounts to a submission to the court's jurisdiction, then it is deemed that the party waived his right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction." (citations omitted)).

Although the issue of whether a request for attorney's fees waives an objection to personal jurisdiction has rarely been addressed by Florida courts,[2] TBI and Hinojosa point us to two cases in support of their argument that their demand for attorney's fees did not waive their objection to personal jurisdiction.

Heineken v. Heineken, 683 So. 2d 194 (Fla. 1st DCA 1996) appears to be one of the first Florida cases to address the issue. There, the First District recognized that courts in other jurisdictions have taken various positions in determining whether a fee request waives an objection to personal jurisdiction. Id. at 197. The court ultimately determined that a request for fees under Dresser v. Dresser, 350 So. 2d 1152 (Fla. 1st DCA 1977) did not waive an objection to personal jurisdiction. Id. at 198. Similarly, the Fourth District determined that in

_____

[2] See Heineken v. Heineken, 683 So. 2d 194, 197 (Fla. 1st DCA 1996) ("The parties have not cited, and we have not found, any decision in Florida case law addressing whether a request for attorney's fees incurred in the prosecution of a motion to dismiss for lack of personal jurisdiction constitutes a request for 'affirmative relief' which waives the objection to personal jurisdiction.").

5

an action for child support, jurisdiction was not waived by the filing of a motion for attorney's fees in connection with a motion to dismiss for lack of personal jurisdiction. Gustafasson v. Levine, 186 So. 3d 562, 564 (Fla. 4th DCA 2015) (citing Heineken, 683 So. 2d at 198).

The Heineken court concluded, based on a Washington Supreme Court case, that the motion to recover attorney's fees was purely defensive in nature and not "affirmative relief." Id. We agree with Judge Benton's concurring opinion that such a distinction is problematic because "the weight of authority supports the view that an award of attorney's fees does constitute affirmative relief." Id. at 199 (Benton, J., concurring). Consequently, a more "pertinent inquiry is whether the request is inconsistent with the jurisdictional objection." Id. at 200 (Benton, J., concurring); see also 4 Fla. Prac., Berman's Florida Civil Procedure § 1.140:21 (April 2017) ("Lack of personal jurisdiction is unquestionably waivable, as any party, individual or entity can voluntarily submit to the court's jurisdiction whether or not otherwise legally susceptible . . . . Some of the fear of inadvertent waiver has been eased in modern times by the abolition of the requirement for a special or limited appearance; as long as the defense is raised upon the first response to a claim for affirmative relief, whether by motion or answer, and **as long as the party does not inconsistently seek affirmative relief in the jurisdiction, the defense is preserved.**" (footnotes omitted and emphasis added)).

6

Here—unlike in Heineken and Gustafasson—TBI and Hinojosa have requested an award of attorney's fees pursuant to a contract, which would require both this Court and the court below to assume jurisdiction in order to enforce the Subcontract Agreement's fee provision. Moreover, the request for fees below was not limited to fees incurred in connection with defending against the exercise of personal jurisdiction, it also requested fees in connection with the other alleged bases for dismissal. We therefore find that TBI and Hinojosa waived their objection to personal jurisdiction by inconsistently seeking affirmative relief.

Affirmed.