# Third District Court of Appeal

## State of Florida

Opinion filed January 17, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1820
Lower Tribunal No. 12-08-M

_____

**The Sampson Farm Limited Partnership,**
Appellant,

vs.

**Mark D. Parmenter, as Personal Representative of the Estate of Marjorie A.S. Parmenter and Individually,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Haile Shaw & Pfaffenberger, P.A., and Gary A. Woodfield and Susan B. Yoffee (North Palm Beach), for appellant.

The Silver Law Group, P.A., and Michael J. Healy and Robert A. Bernstein, for appellee.


Before SUAREZ, LAGOA, and LOGUE, JJ.

LAGOA, J.

Appellant, The Sampson Farm Limited Partnership ("Sampson Farm"),

appeals from the trial court's order granting Appellee, Mark D. Parmenter's motion

for summary judgment and granting the Final Judgment Determining Purchase Right of Partnership Interest. Because the trial court lacked personal jurisdiction over Sampson Farm and Sampson Farm did not waive its jurisdictional objection, we reverse the trial court's order granting summary judgment and Final Judgment Determining Purchase Rights of Partnership Interest, and remand to the trial court to dismiss the Amended Petition against Sampson Farm.

1. FACTUAL AND PROCEDURAL HISTORY

This case involves a familial dispute over ownership of a fraction of a family farm in Massachusetts. On April 6, 2011, Marjorie Parmenter, a Florida resident, died intestate. At the time of her death, Marjorie Parmenter held a 0.2% limited partnership interest in Sampson Farm, a Massachusetts limited partnership, which owns and operates a working farm in Westport, Massachusetts.[1]

Marjorie Parmenter signed the Sampson Farm Agreement of Limited Partnership (the "Agreement") as a limited partner. The Agreement, which has an effective date of November 7, 2005, expressly provides that it is governed by Massachusetts law.

Section 10.5(a) of the Agreement provides that if, upon a partner's death, that partner's interest is to pass to anyone other than either another partner or

---

[1] At the time of her death, Marjorie Parmenter also held an undetermined partnership interest as a beneficiary in the estate of her uncle, Wordell Sampson, who predeceased her and whose estate was being administered in Massachusetts.

2

someone in the deceased partner's family (specifically defined in section 10.1 of the Agreement to generally exclude spouses), Sampson Farm has an option to purchase that partnership interest within one year of the partner's date of death. If Sampson Farm does not exercise its option, the Agreement grants the remaining partners an additional thirty-day option to purchase the decedent's interest themselves. Finally, pursuant to section 10.5(c) of the Agreement, each partner agreed that to the extent his or her partnership interest was to pass to anyone other than another partner or family member, the partnership interest would be held in the partner's estate until the expiration of the Agreement's option periods.

On January 20, 2012, Mark D. Parmenter ("Parmenter"), Marjorie Parmenter's widower, filed a petition for probate proceedings to administer his wife's estate (the "Estate"), and on January 25, 2012, Parmenter was appointed personal representative. On August 14, 2014, an Order of Discharge was entered closing the Estate.

On September 4, 2014, Parmenter, as former personal representative, filed a petition to reopen the Estate pursuant to section 733.903, Florida Statutes (2014), "solely for the purpose of doing additional procedures necessary in order to clarify distributions." On September 9, 2014, the trial court entered an order revoking the previous Order of Discharge and issued Letters of Administration to Parmenter.

On October 8, 2014, Parmenter, both individually as beneficiary and as the personal representative, filed an adversary petition ("the Petition") in the probate action for a declaratory judgment determining that he owned Marjorie's partnership interest in Sampson Farm because Sampson Farm failed to file a claim against the Estate and thus lost its rights to invoke the option to purchase Marjorie's partnership interest. Of significance to this appeal, the Petition[2] alleged that:

> 3. Part of the assets belonging to Marjorie as included in the Estate of Wordell Sampson was an interest in Sampson Farm LLP, a limited liability partnership under the laws of the Commonwealth of Massachusetts. The Sampson Farm LLP is a partnership whose business enterprise is the holding [of] real property and operating an agriculture business thereon in Bristol County, Massachusetts.

Sampson Farm moved to quash service of process and to dismiss for lack of personal jurisdiction, challenging the lack of factual allegations providing a basis for either personal jurisdiction under Florida's long arm statute or minimum contacts with Florida under federal due process requirements. The trial court denied the motion, and Sampson Farm filed its answer and reasserted lack of personal jurisdiction as affirmative defenses.[3] The parties cross-moved for

---

[2] Parmenter's subsequent Amended Petition filed on October 5, 2015, did not make any substantive changes to these jurisdictional allegations.

[3] Specifically, Sampson Farm averred in both its initial answer and its answer to the Amended Petition as follows:

summary judgment. As part of its opposition to Parmenter's motion for summary judgment, Sampson Farm again asserted that the trial court lacked personal jurisdiction over it. The trial court subsequently entered the Final Judgment in favor of Parmenter. Regarding the question of personal jurisdiction, the trial court, in its written order, concluded that it had "subject matter jurisdiction to adjudicate this cause and  personal jurisdiction over all of the parties to this action. Both parties have appeared herein and have sought affirmative relief from this Court beyond issues related to jurisdiction." This appeal ensued.

II.  ANALYSIS

On appeal, Sampson Farms raises several issues. We address only one, however, as this issue is dispositive of this appeal. Sampson Farm argues that the trial court did not have personal jurisdiction to determine the issues raised in Parmenter's Petition, and further argues that the trial court erred in determining

> 2. As and for its Second Affirmative Defense, this court lacks personal jurisdiction over Sampson Farm. This is not an *in rem* proceeding; therefore, personal jurisdiction over Sampson Farm is required. The Petition fails to contain any jurisdictional allegations over Sampson Farm, nor could it.
>
> 3. As and for its Third Affirmative Defense, this court's attempt to exercise jurisdiction over Sampson Farm violates the Florida long-arm statute. Section 48.193, Florida Statutes.
>
> 4. As and for its Fourth Affirmative Defense, this court's attempt to exercise jurisdiction over Sampson Farm violates the Due Process clause of the United States Constitution.

5

that it waived its jurisdictional objection. We review de novo the issue of personal jurisdiction over a foreign corporation. Camp Illahee Invs. Inc. v. Blackman, 870 So. 2d 80, 83 (Fla. 2d DCA 2003). We first address the trial court's finding that Sampson Farm sought affirmative relief from the trial court and therefore waived any jurisdictional challenge.

The law in Florida is well established that:

> "A defendant who timely asserts a challenge to the court's jurisdiction over the person of the defendant is not prejudiced by participation in the trial of the suit and defending the matter thereafter on the merits. His challenge is preserved and he may obtain a review of the question of personal jurisdiction upon appeal should he suffer an adverse final judgment in the cause. . . .
>
> However, a timely objection to personal jurisdiction may nevertheless be waived. In jurisdictions which follow the rule that a defense on the merits is not a waiver, the courts have long held that a defendant who goes beyond matters of defense and seeks affirmative relief waives a previously asserted objection to the personal jurisdiction of the court. Thus a majority of federal courts have held that the filing of a permissive counterclaim is a request for affirmative relief which waives an objection to personal jurisdiction notwithstanding that the objection is timely made."
>
> We agree with the above reasoning of the federal and Florida courts that adhere to its reasoning and hold that a defendant waives a challenge to personal jurisdiction by seeking affirmative relief.

Babcock v. Whatmore, 707 So. 2d 702, 704-05 (Fla. 1998) (citations omitted) (quoting Hubbard v. Cazares, 413 So. 2d 1192, 1193 (Fla. 2d DCA 1981)

6

(concluding that former husband's motion for relief from judgments did not waive his challenge to personal jurisdiction because it "was not a plea for affirmative relief but rather was a defensive motion seeking to avoid the judgments").

As this Court concluded in Berne v. Beznos, 819 So. 2d 235 (Fla. 3d DCA 2002), "under Babcock, so long as the defending party makes a timely objection to personal jurisdiction, the defendant may defend the case without waiving the objection. The court's example of affirmative relief which would waive the jurisdictional objection is the assertion of a permissive counterclaim." Id. at 238 (citation omitted). As such, "if a defending party timely raises an objection to personal jurisdiction or service of process, then that defendant may plead to the merits and actively defend the lawsuit without waiving the objection." Id.

Here, Sampson Farm first raised its objection to personal jurisdiction by way of its motion to dismiss. After the trial court denied the motion, it is undisputed that Sampson Farm again objected to the trial court's lack of personal jurisdiction in its first responsive pleading. Significantly, Sampson Farm did not seek affirmative relief, as it only pled to the merits and actively defended itself by way of an answer, affirmative defenses, and a motion for summary judgment. Affirmative relief is best defined as "'[r]elief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish

7

it.'" Heineken v. Heineken, 683 So. 2d 194, 197 (Fla. 1st DCA 1996) (quoting Grange Ins. Ass'n v. State, 757 P.2d 933, 940 (Wash. 1988) (en banc)). We therefore conclude that the trial court erred in finding that Sampson Farm sought affirmative relief by actively defending the lawsuit "beyond issues related to jurisdiction" and thereby waived its challenge to personal jurisdiction. Under Babcock and Berne, Sampson Farm did not waive its objection to personal jurisdiction, as neither the filing of an answer with affirmative defenses nor the filing of a motion for summary judgment constitute affirmative relief that would waive a challenge to personal jurisdiction. Both the answer and motion for summary judgment are defensive in nature. See Cumberland Software, Inc. v. Great Am. Mortg. Corp., 507 So. 2d 794 (Fla 4th DCA 1987) (holding that the filing of an answer and counterclaim did not waive defense for lack of personal jurisdiction where the answer asserted lack of personal jurisdiction in affirmative defenses and the counterclaim was compulsory).

We now turn to the issue of whether personal jurisdiction exists over Sampson Farm. Sampson Farm argues that the entry of final judgment in favor of Parmenter was in error because Parmenter failed to allege any factual basis to establish personal jurisdiction over it.

In determining whether the trial court had personal jurisdiction over Sampson Farm, we first look to whether the complaint alleges sufficient

8

jurisdictional facts to bring Sampson Farm within the purview of Florida's long-arm statute. Am. Exp. Ins. Servs. Eur. Ltd. v. Duvall, 972 So. 2d 1035, 1038 (Fla. 3d DCA 2008). The plaintiff bears the initial burden of alleging sufficient jurisdictional facts in his or her complaint to establish the basis for the court's long-arm jurisdiction under section 48.193, Florida Statutes (2014). Execu-Tech Bus. Sys., Inc. v. New Ogi Paper Co. Ltd., 752 So. 2d 582 (Fla. 2000); Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). If the plaintiff meets this hurdle, the second inquiry is whether the defendant possesses sufficient minimum contacts with Florida to satisfy constitutional due process requirements. Venetian Salami, 554 So. 2d at 500. This requires the court to determine whether a non-resident defendant's conduct in connection with Florida is such that the defendant "should reasonably anticipate being haled into court" here. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A review of the record shows that neither the Petition nor the Amended Petition contained any allegations sufficient to establish personal jurisdiction over Sampson Farm. Indeed, Parmenter alleges in both his Petition and Amended Petition that Sampson Farm is a Massachusetts limited partnership whose business is to own and operate an agricultural business in Massachusetts.[4] Moreover,

[4] Because both the Petition and Amended Petition failed to plead a legally sufficient basis for long-arm jurisdiction, Sampson Farm was not required to file affidavits or present other evidence to contest the jurisdictional issue. See Crownover v. Masda Corp., 983 So. 2d 709, 713 (Fla. 3d DCA 2008).

9

Parmenter failed to establish any factual basis for personal jurisdiction in opposition to Sampson Farm's motion for summary judgment.[5] Parmenter instead focuses his argument below and on appeal on the notion that Sampson Farm's lack of contacts with Florida are not relevant for personal jurisdiction because of the special nature of probate. We find Parmenter's argument unpersuasive.

This Court is bound by prior precedent, and this Court's opinion in <u>Wolf Sanitary Wiping Cloth, Inc. v. Wolf</u>, 526 So. 2d 702 (Fla. 3d DCA 1988), <u>receded from on other grounds by</u> <u>C.A.T. LLC. v. Island Developers, Ltd.</u>, 827 So. 2d 373, 374 (Fla. 3d DCA 2002) (en banc),[6] is indistinguishable from the facts of the instant case. In <u>Wolf</u>, at the time of his death, Mr. Wolf owned five hundred shares in Wolf Sanitary Wiping Cloth, Inc., a family-owned Michigan corporation.

---

[5] Because Parmenter failed to establish a basis for the exercise of long-arm jurisdiction under section 48.193, we need not address the issue of minimum contacts and constitutional due process. It is clear, however, that with respect to this second prong, the record contains no evidence that Sampson Farm has engaged in any business in Florida, bought or sold property in Florida, or engaged in any other contact with Florida such that Sampson Farm could reasonably expect to be haled into court here. Indeed, the record shows that the petition was served on Sampson Farm's registered agent in Massachusetts. Based on the record here, exercise of personal jurisdiction would "offend 'traditional notions of fair play and substantial justice.'" <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

[6] In <u>C.A.T.</u>, this Court receded from the holding in <u>Wolf</u> that a stockholder's derivative suit cannot be brought through a declaratory proceeding in a probate proceeding. 827 So. 2d at 374. <u>Wolf</u>'s alternative holding that the trial court lacked personal jurisdiction over the defendant is applicable here and remains binding precedent.

Id. at 703. Mr. Wolf's shares were subject to a stock repurchase agreement executed in Michigan by the corporation prior to Mr. Wolf's death. Id. Mr. Wolf's estate was probated in Miami-Dade County, and the personal representative brought an action for declaratory relief requesting that the trial court construe the rights of the estate under the terms of the repurchase agreement. Id.

Of significance to this appeal, this Court in Wolf held, in the alternative,[7] that the trial court lacked personal jurisdiction over the Michigan corporation. Id. at 705. First, this Court noted that the company was a foreign corporation and that there were no allegations that it had contacts sufficient to subject it to personal jurisdiction in Florida. Id. This Court further rejected the argument that the corporation was an "interested person" and thus subject to formal notice pursuant to section 731.301(1), Florida Statutes (1985).[8] Id. Specifically, this Court found that section 731.301(1) was not "a shorthand method of subjecting all potential litigants to the jurisdiction of the probate court." Id. While recognizing that personal representatives have a duty to marshal estate assets with dispatch, this Court concluded that duty "does not empower a personal representative to enforce

_____

[7] "[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dicta." Clemons v. Flagler Hosp., Inc., 385 So. 2d 1134, 1136 n.3 (Fla. 5th DCA 1980).

[8] Substantively, the 1985 and current versions of that statute are not significantly different, although procedural portions of the 1985 statute were subsequently removed from the statute and moved to Florida Probate Rule 5.040.

11

contract rights against a foreign corporation where jurisdiction has not been obtained." Id. at 706.

Moreover, it is well established—both generally, and specifically with regard to adversary actions arising out of probate—that a pleading must make the requisite allegations of personal jurisdiction. Galego v. Robinson, 695 So. 2d 443, 444 (Fla. 2d DCA 1997); In re Estate of Tyler, 543 So. 2d 1307, 1307-08 (Fla. 4th DCA 1989); Wolf, 526 So. 2d at 705; see also Kountze v. Kountze, 20 So. 3d 428, 432-33 (Fla. 2d DCA 2009). Thus, even if Sampson Farm fell within the scope of section 731.301(1)'s notice provision, Parmenter failed to provide any evidence of Sampson Farm's minimal contacts with Florida sufficient to meet the constitutional due process requirements necessary to exercise personal jurisdiction over it. Accordingly, we reverse and remand to the trial court to vacate the Final Judgment in favor of Parmenter and dismiss the Amended Petition against Sampson Farm for lack of personal jurisdiction.

Reverse and remand for proceedings consistent with opinion.