# Third District Court of Appeal

## State of Florida

Opinion filed September 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1205
Lower Tribunal No. 17-11259

_____

**Inter American Coal, S.A., etc.,**
Appellant,

vs.

**SHE DDF2-FL2, LLC, etc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Diaz, Reus & Targ, LLP, and Michael Diaz, Jr., Chad S. Purdie, and Roland Potts, for appellant.

Agentis, PLLC, and Christopher B. Spuches and Alexander G. Strassman, for appellee.

Before SUAREZ, EMAS, and FERNANDEZ, JJ.

SUAREZ, J.

This is an appeal from a final judgment of foreclosure granted in favor of

Appellee, SHE DDF2-FL2, LLC ("SHE"). Appellant, Inter American Coal, S.A.

("Inter American"), argues that SHE's predecessor in interest, NWL 2016 EVERGREEN, LP ("NWL"), did not comply with the statutory requirements for service of process by publication, and therefore, the trial court did not have jurisdiction over Inter American. Because we find that Inter American waived its objection to service of process by seeking affirmative relief inconsistent with its objection, we affirm.

In May 2017, NWL filed a complaint for foreclosure. Inter American, a Panamanian company, was included on the complaint because it also held a mortgage on the property. In June 2017, NWL filed a sworn statement for service of process by publication, detailing the steps taken in attempting to serve Inter American. See §§ 49.031 (sworn statement as a condition precedent for service by publication), 49.051 (sworn statement requirements when the defendant is a corporation), Fla. Stat. (2018). Appellant SHE was later substituted for NWL as the Plaintiff.

Following constructive service by publication, SHE obtained a clerk's default against Inter American and then filed a motion for final summary judgment. Before the hearing on SHE's motion, Inter American appeared through counsel and moved to quash service of process and set aside the default. In addition to challenging the sworn statement's compliance with the requirements set forth in section 49.051, Florida Statutes, Inter American argued that it had lien

2

priority over SHE's lien on the property. Inter American also asserted that it had lien priority in its response in opposition to SHE's motion for final summary judgment and again at the hearing on said motion. The trial court ultimately found that SHE was the primary lienholder,[1] denied Inter American's motion to quash, and granted SHE's motion for final summary judgment.

"It is well-settled that '[a] judgment entered without valid service is void for lack of personal jurisdiction . . . .'" Alvarado v. Cisneros, 919 So. 2d 585, 587 (Fla. 3d DCA 2006) (quoting Great Am. Ins. Co. v. Bevis, 652 So. 2d 382, 383 (Fla. 2d DCA 1995)). "Nevertheless, a defendant may waive a timely objection to personal jurisdiction by seeking affirmative relief . . . inconsistent with an initial defense of a lack of personal jurisdiction." Id.; see also TBI Caribbean Co. Ltd. v. Stafford-Smith, Inc., 239 So. 3d 103 (Fla. 3d DCA 2017).

Here, Inter American repeatedly sought affirmative relief on the merits of the foreclosure case by arguing that it had lien priority over SHE. For instance, at the hearing on the motion for final summary judgment, Inter American argued as follows:

> [INTER AMERICAN]: Yes. Just to clarify one more point also. We filed our motion to quash and set aside the default on Monday and what we filed yesterday was our response in opposition to the motion for summary judgment. We believe that we have a meritorious defense

---

[1] Inter American has not challenged the trial court's determination as to lien priority.

in this case which is that the priority of the liens here is in question given that there was a lien that occurred in 2016 through a mortgage by the plaintiff, then there was –

THE COURT: Uh-huh.

[INTER AMERICAN]: Which would make up the junior lienholder to the first original mortgage. But during this proceeding, during this case the plaintiff's counsel entered into a forbearance agreement and pursuant to that forbearance agreement issued another lien for an additional $500,000. And it's our position that given the inequitable result that that would have and the prejudice that would result therefrom for our client, that's the priority of the entire -- the partial or -- a part of or the entirety of that lien is in question.

Although described as a "meritorious defense," Inter American's attempt to prioritize its lien was a request for affirmative relief in that it was "relief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it." Sampson Farm Ltd. P'ship v. Parmenter, 238 So. 3d 387, 392 (Fla. 3d DCA 2018) (quoting Heineken v. Heineken, 683 So. 2d 194, 197 (Fla. 1st DCA 1996)). Moreover, seeking such relief was inconsistent with Inter American's jurisdictional objection because it was a request to adjudicate the merits of the foreclosure action. See TBI Caribbean, 239 So. 3d at 106 (Fla. 3d DCA 2017). We therefore hold that in seeking to prioritize its lien, Inter American waived its objection to service of process.[2]

---

[2] Because we find that Inter American waived its objection, we do not address the

Affirmed.

---

sufficiency of service of process.