DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GUILLERMO L. SIERRA** and **LILIANA GARCIA,**
Appellants,

v.

**U.S. BANK TRUST, N.A.,** as Trustee for LSF9 Master Participation Trust**,
ASPEN PROPERTIES GROUP LLC,** as Trustee for
**ASPEN G. REVOCABLE TRUST, UNKNOWN PARTY #1** n/k/a **KERRIE
KNOX, UNKNOWN PARTY #2** n/k/a **CHRIS KNOX,** and
**UNKNOWN PARTY #3** n/k/a **RYAN WESTERGREN,**
Appellees.

No. 4D19-2999

[July 1, 2020]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William L. Roby, Judge; L.T. Case No. 432019CA000409.

Charles D. Barnard of Charles D Barnard, PA, Fort Lauderdale, for appellants.

Shannon Troutman of Albertelli Law, Tampa, for appellee U.S. Bank Trust, N.A.

**CONFESSION OF ERROR**

KUNTZ, J.

Guillermo L. Sierra and Liliana Garcia appeal the circuit court's order denying their motion to quash service of process. U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust, confesses error. We accept the confession of error and reverse.

***Background***

After U.S. Bank filed a foreclosure complaint, its process server filed returns of non-service for both Appellants. Separate returns of non-service for Appellants stated: "Property you gave it to the road with a private call box. Spoke to a gentleman that states that the defendant and

his wife are currently out of the country. Return date is unknown. All calls in mail are being forwarded." A second return of service for Garcia stated: "The defendant does not reside per a female contact who spoke from behind the front door."

Based on the returns of non-service, U.S. Bank filed affidavits for service by publication and an affidavit of diligent search and inquiry that both stated the "current residence of defendant is unknown." Later, U.S. Bank published a notice of action.

After U.S. Bank published the notice of action, Appellants' counsel filed a notice of limited appearance and moved to quash service of process and to dismiss the complaint for lack of personal jurisdiction. The court denied the motion, finding that the request to dismiss the complaint waived the right to contest service of process. Appellants now appeal.

### *Analysis*

U.S. Bank confesses error. First, it agrees Appellants did not waive their challenge to service of process. Second, it agrees it failed to strictly comply with the requirements for service by publication. We also agree.

A challenge to service of process relates to the court's personal jurisdiction over the defendant. "Proper service of process is indispensable for the court to obtain personal jurisdiction over a defendant," *Nat'l Safety Assocs., Inc. v. Allstate Ins. Co.*, 799 So. 2d 316, 317 (Fla. 2d DCA 2001), and when service is not proper, "personal jurisdiction is suspended and it 'lies dormant' until proper proof of valid service is submitted," *Chigurupati v. Progressive Am. Ins. Co.*, 132 So. 3d 263, 266 (Fla. 4th DCA 2013) (quoting *Re-Emp't Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)).

A defensive motion that challenges personal jurisdiction and that does not seek affirmative relief does not subject the movant to the court's jurisdiction. *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) ("[A] defendant waives a challenge to personal jurisdiction by seeking affirmative relief . . . ."); *see also Garfinkel v. Katzman*, 76 So. 3d 40, 41 (Fla. 4th DCA 2011) (holding defensive motions that do not seek affirmative relief do not waive challenges to service or personal jurisdiction).

As U.S. Bank concedes, Appellants did not waive their challenge to service of process by filing the motion to quash service of process.[1]

On the merits, U.S. Bank concedes it did not strictly comply with the requirements of section 49.041(3), Florida Statutes (2019). That statutory section permits service by publication against a natural person when one of three conditions is satisfied.

The statute's requirements must be strictly construed, *see, e.g., Callaghan v. Callaghan*, 337 So. 2d 986, 989 (Fla. 4th DCA 1976), and U.S. Bank's sworn statement revealed that none of the three conditions of section 49.041(3) apply. First, the sworn statement provided Appellants' residence, precluding the application of section 49.041(3)(a). Second, section 49.041(3)(b) did not apply because the return of non-service said a man informed the process server that Appellants were "currently," but not permanently, out of the country. Third, section 49.041(3)(c) could not apply because sixty days had not passed between the process server's attempt to serve process and the date of U.S. Bank's affidavit for service by publication.

As a result, section 49.041(3) was not satisfied. On remand, the court shall allow U.S. Bank the opportunity to effectuate service of process.

### Conclusion

The court's order denying Appellants' motion to quash service of process is reversed and the case is remanded for further proceedings. On remand, the court shall quash service of process and allow U.S. Bank the opportunity to serve Appellants.

---

[1] We note that Appellants filed a motion for attorney's fees, arguing "[t]he Mortgage contains a provision that permits a prevailing party to recoup attorney's fees and costs, including for an appellate proceeding." That motion *might* have waived the challenge to service of process. *See TBI Caribbean Co. Ltd. v. Stafford-Smith, Inc.*, 239 So. 3d 103, 106 (Fla. 3d DCA 2017) ("TBI and Hinojosa have requested an award of attorney's fees pursuant to a contract, which would require both this Court and the court below to assume jurisdiction in order to enforce the Subcontract Agreement's fee provision."). But U.S. Bank did not raise this argument, and we will not sua sponte consider this argument.

*Reversed and remanded.*[2]

CONNER and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We are mindful of the issuance of Administrative Order SC20-23, Amendment 4 (the requirement in Florida Rule of Civil Procedure 1.580(a) for the clerk to issue a writ of possession "forthwith" remains suspended through June 30, 2020) and Executive Order 20-159 (extending, until 12:01 a.m. on August 1, 2020, Executive Order 20-94, which suspends and tolls any statute providing for a mortgage foreclosure cause of action under Florida law). We trust any motions directed to those orders shall be filed in the lower tribunal upon issuance of our mandate.