DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHUKWUEKWU MORRIS BIOSE,**
a/k/a **MORRIS BIOSE,**
Appellant,

v.

**EMILIA ORASAN,**
Appellee.

No. 4D2023-0808

[February 7, 2024]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE20017762.

Vincent T. Brown of The Brown Law Group, LLC, Miami, for appellant.

Celi S. Aguilar of CSA Law Firm, Miami, for appellee.

PER CURIAM.

Chukweukwu Morris Biose appeals an order summarily denying his motion to dismiss a verified amended complaint for lack of personal jurisdiction after a non-evidentiary hearing. He contends that dismissal is required because (1) the operative verified complaint did not allege sufficient facts to create personal jurisdiction over him, and (2) the plaintiff failed to rebut his affidavit supporting dismissal with evidence of her jurisdictional allegations.

The plaintiff, Emilia Orasan, primarily contends that we should affirm because Biose waived any challenge to personal jurisdiction by participating in the case after first raising the defense in his initial answer.

We conclude that Biose timely objected to personal jurisdiction in his initial answer and no waiver occurred because he did not request affirmative relief below. Further, because Biose's affidavit directly conflicts with the operative verified complaint's facially sufficient jurisdictional allegations, a valid factual dispute exists as to personal jurisdiction. Accordingly, we reverse for the trial court to conduct an evidentiary

hearing pursuant to *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989).

## *BACKGROUND*

In October 2020, Orasan, a Broward County resident, filed her initial verified complaint against several defendants, including Biose, a Georgia resident, and Extranet-Link Enterprise, a Georgia LLC that Biose allegedly owns or controls. In part, Orasan asserted claims for fraud and civil conspiracy arising out of an elaborate scheme to defraud her of at least $200,000. Biose filed an answer to the initial complaint—his first pleading—and raised lack of personal jurisdiction as an affirmative defense. Thereafter, Biose propounded discovery, filed a witness list and a mandatory arbitration case summary, and appeared at case management conferences.

In September 2022, Orasan filed a fourth verified amended complaint—the operative pleading—asserting that the acts and transactions giving rise to the claims occurred in Broward County, Florida and that Biose "conducts or solicits business in Broward County." The complaint further alleged that many named defendants, including Biose, contacted Orasan directly, making misrepresentations to induce her to transfer the funds at issue. Biose allegedly held himself out as a diplomatic immunity courier delivery agent for a security company charged with traveling to Florida to deliver a package to Orasan, the contents of which she could sell to recoup her money. In addition, he purportedly advised Orasan that he would use part of the transferred funds to purchase insurance for the package. Lastly, the complaint averred that Orasan had made several transfers to accounts that Biose controlled either directly or through Extranet.

In March 2023, Biose moved to dismiss the operative complaint for lack of personal jurisdiction. He argued that the complaint failed to demonstrate a jurisdictional basis under the long-arm statute and failed to show that he had sufficient contacts with Florida to comport with due process. Biose attached his own affidavit, which denied essentially every jurisdictional allegation of the complaint. In the affidavit, Biose asserted:

- He first learned of the alleged fraudulent transactions when he was served with the initial complaint;

- He has never met, communicated with, or conducted business with Orasan or any defendant named in the case;

- He has never requested funds from Orasan;

2

- He has never conducted or solicited business in Florida, either in his own right or on behalf of Extranet; and

- He is not an officer, registered agent, or operator of Extranet and never opened or managed a bank account on Extranet's behalf.

Orasan responded to the motion but did not attach sworn proof supporting personal jurisdiction. After hearing argument at a non-evidentiary case management conference, the court entered an unelaborated order denying dismissal. This appeal follows.

### *ANALYSIS*

An order on a motion to dismiss for lack of personal jurisdiction is reviewed de novo. *Wendt v. Horowitz*, 822 So. 2d 1252, 1256–57 (Fla. 2002). "The first step which a party takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived." *Cumberland Software, Inc. v. Great Am. Mortg. Corp.*, 507 So. 2d 794, 795 (Fla. 4th DCA 1987).

A defendant who timely objects to personal jurisdiction "is not prejudiced by participation in the trial of the suit and defending the matter thereafter on the merits." *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) (citation omitted). However, even a timely objection to personal jurisdiction is waived when the defendant goes beyond matters of defense and seeks affirmative relief. *Id.* Affirmative relief has been defined as relief "for which defendant might maintain an action independently of plaintiff's claim," such as the assertion of a permissive counterclaim. *Sampson Farm Ltd. P'ship v. Parmenter*, 238 So. 3d 387, 392 (Fla. 3d DCA 2018) (quoting *Heineken v. Heineken*, 683 So. 2d 194, 197 (Fla. 1st DCA 1996)).

Here, Biose timely objected to personal jurisdiction in his answer to the initial complaint. He thereafter defended the case by propounding discovery, filing a witness list and a mandatory arbitration case summary, and appearing at case management conferences. However, he did not request affirmative relief, i.e., relief for which he might maintain an independent action. Accordingly, his timely jurisdictional challenge is preserved.[1] *See Berne v. Beznos,* 819 So. 2d 235, 238 (Fla. 3d DCA 2002)

---

[1] In arguing that a waiver occurred in this case, Orasan relies almost exclusively on *Solmo v. Friedman*, 909 So. 2d 560 (Fla. 4th DCA 2005), where this court held that the defendant waived personal jurisdiction by participating in two hearings

3

(holding that the defendant did not waive his timely jurisdictional objection by "filing pleadings, propounding discovery, and moving to dismiss and for summary judgment"); *see also Parmenter*, 238 So. 3d at 392.

Having determined that Biose did not waive personal jurisdiction, we address the merits of his motion to dismiss.

In *Venetian Salami*, the Florida Supreme Court announced the procedure for determining whether personal jurisdiction exists over a non-resident defendant. 554 So. 2d at 502. First, the court determines whether the complaint alleges a basis for jurisdiction under Florida's long-arm statute, section 48.193, Florida Statutes (2017). *Id.* The requirement is satisfied by either tracking the language of the statute, *id.*, or by "alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections" of the long-arm statute. *Hilltopper Holding Corp. v. Est. of Cutchin ex rel. Engle*, 955 So. 2d 598, 601 (Fla. 2d DCA 2007) (citing *Washington Cap. Corp. v. Milandco, Ltd.*, 695 So. 2d 838, 841 (Fla. 4th DCA 1997)). If a statutory basis for jurisdiction is pled, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process. *Venetian Salami*, 554 So. 2d at 502. To contest the complaint's factual allegations or raise a contention of minimum contacts, the defendant must file affidavits supporting their position. *Id.* The affidavit "must contain factual allegations which, *if taken as true*, show that the defendant's conduct does not subject him to jurisdiction." *Hilltopper*, 955 So. 2d at 601 (citing *Acquadro v. Bergeron*, 851 So. 2d 665, 672 (Fla. 2003)).

If the defendant's affidavit is legally sufficient, the burden then shifts to the plaintiff to provide sworn proof that a basis for jurisdiction exists. *Venetian Salami*, 554 So. 2d at 502. Where the affidavits cannot be reconciled, the trial court must hold a limited evidentiary hearing to determine the jurisdictional issue. *Id.* at 503.

In the present case, the operative verified complaint successfully alleges multiple bases for long-arm jurisdiction over Biose. First, albeit with little factual support, the complaint alleges that he conducts or solicits business in Florida, tracking the language of section 48.193(1)(a)1. Second, based on Biose's alleged communications with Orasan, the complaint asserts sufficient facts to conclude that he committed a tortious act in Florida, satisfying section 48.193(1)(a)2. *See Wendt*, 822 So. 2d at 1260 (noting

---

before raising any jurisdictional objection. *Id.* at 564. The present case is distinguishable because Biose timely objected to personal jurisdiction in his answer to the initial complaint.

that a defendant can commit a tortious act in Florida through "telephonic, electronic, or written communications into Florida"). Third, in its totality, the complaint arguably alleges sufficient facts to support long-arm jurisdiction over Biose under a conspiracy theory. *See NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2012). His alleged cooperation with his co-defendants and the extent of his control over Extranet— apparently a recipient of the subject funds—are relevant to that issue.

Biose moved to dismiss the operative complaint and attached an affidavit. Biose's affidavit adequately rebuts the operative verified complaint's jurisdictional allegations. Biose asserts that he has never conducted business in Florida, has not communicated with Orasan, had no prior knowledge of the alleged fraudulent transactions, has no direct control over Extranet, and has never opened or managed a bank account on its behalf. Taken as true, the affidavit defeats each above-discussed basis for personal jurisdiction, shifting the burden to Orasan to provide sworn proof that a jurisdictional basis exists.

Orasan did not attach an affidavit to her response to the motion to dismiss. Still, the operative complaint is properly verified, and a verified complaint "may substitute for the affidavit to support the parties' allegations as to jurisdiction." *Castillo v. Concepto Uno of Mia., Inc.*, 193 So. 3d 57, 60 (Fla. 3d DCA 2016) (quoting *Tobacco Merchs. Ass'n of U.S. v. Broin*, 657 So. 2d 939, 941 n.3 (Fla. 3d DCA 1995)). Therefore, the operative verified complaint serves as legally sufficient sworn proof of Orasan's allegations as to personal jurisdiction.

Because the operative verified complaint cannot be reconciled with Biose's affidavit, an evidentiary hearing is necessary to resolve the disputed facts relating to personal jurisdiction, and the circuit court erred in summarily denying dismissal. Accordingly, we reverse for the court to conduct a limited evidentiary hearing pursuant to *Venetian Salami*.

Also on appeal, Biose contends that he lacks sufficient minimum contacts with Florida to comport with due process. Because the circuit court has not resolved the disputed jurisdictional facts, we decline to address that argument. *See Kotoura v. Stern*, 183 So. 3d 1245, 1247 (Fla. 4th DCA 2016).

On remand, the court should consider the evidence presented at the hearing and make factual findings. Then, the court must determine whether Orasan has established both a basis for personal jurisdiction under the long-arm statute and that Biose has sufficient minimum contacts with Florida. *See Venetian Salami*, 554 So. 2d at 502–03. The

minimum contacts inquiry will focus on whether Biose's "conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

*Reversed and remanded for an evidentiary hearing.*

WARNER, CONNER and FORST, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***